CULPEPPER, Judge.
This is a suit on an open account. From an adverse judgment the plaintiff appeals.
The substantial issue is whether defendant has proved his defense that he was acting as a disclosed agent of a corporation.
 There is no dispute as to the law. An agent is responsible to those with whom he contracts when he does not disclose that he is acting as an agent. LSA-C.C. art. 3013. Furthermore, the special defense of agency, cannot be proved by the mere testimony of defendant. He must be corroborated by other evidence. De Rouen v. Aiavolasiti, La.App., 121 So.2d 851.
The facts show that in January of 1958 the defendant, Claude Courville, and several other parties formed a corporation) known as “Basile Flying Service, Inc.”,, domiciled in Evangeline- Parish, Louisiana,, for the purpose of engaging in the business-of providing flying services to farmers. This concern purchased gasoline from the plaintiff at various times, from February,. 1958 down through July of 1959, on an open-account. Although occasionally delinquent, the account was paid except for the sum of $1,834.48 for purchases made during the-period July 4, 1959 through July 30, 1959.. Plaintiff’s statements of account were addressed to “Basile Flying Service.”
Plaintiff testified that he did not know the-business was incorporated and that he was-relying on the credit of defendant, withi whom he had done satisfactory business before. Defendant testified that he personally told plaintiff before the purchases ini question were made, that the business was-incorporated. At least one other witness-corroborated defendant in this respect. Furthermore, several checks received by plaintiff’s office, in payment of previous amounts on this open account, were clearly marked “Basile Flying Service, Inc.”, although plaintiff denied seeing any of these checks.
The record amply supports the following finding of facts by the district judge:
“The court is of the opinion that plaintiff was informed by the defendant and other stockholders of the corporation of the fact that he was doing business with the corporation; that plaintiff cashed checks from the corporation that an account was opened for the corporation and a credit check was-made on the corporation. It is further the opinion of the court that the-present action against defendant is a result of plaintiff’s inability to effect collection against the corporation to-whom the gasoline was originally billed or charged. .The court is of the-opinion that no action of defendant in-this matter created a personal obligation toward plaintiff.”
*477 For the reasons assigned the judgment appealed is affirmed.
Affirmed.