BEER, Judge.
Plaintiff-appellee, James Foster (hereafter, Foster) verbally contracted with the defendant-appellant, George Soule (hereafter, Soule) to renovate Soule’s vacation and summer home and appurtenances located in Husser, Louisiana on a “cost plus ten percent” basis.
Although there was some friction between the parties during the progress of the work, there is no claim that the final result was improper or unsatisfactory. Their differences, which precipitate this litigation, arise from the total amount charged by Foster for the work.
The matter is complicated by the fact that although the work was done in 1965, Foster did not commence this litigation until August 27, 1971. With the passage of that much time, memories fade, recollections dull and confusion results.
Certain material facts are, however, undisputed by the parties or obvious from the record:
1. Foster claims a total of $27,184.00.
2. Soule has paid a total of $9,401.94.
3. The contract was verbal.
4. The amount agreed upon was “cost plus ten percent.”
5. The work was completed in a generally satisfactory manner.
Soule contends that an implied understanding existed to the effect that the maximum total cost would be $12,000, but the evidence in support of this falls short of proof and the trial court correctly dealt with the matter as a “cost-plus” contract.
Foster’s order of proof with respect to the balance allegedly due consisted primarily of his own testimony supported by various records including cancelled checks, time books, invoices, a few delivery receipts, handwritten notations and bills. He clearly established that the various alleged payments were made, but was obliged to rely principally upon his own testimony to show that such payments were specifically in connection with the Soule job. Soule levels his attack on this weak point in Foster’s case and called his own expert to attempt a refutation of Foster’s contentions. That proof was also weak and we find the expert testimony introduced in Soule’s behalf as well as Soule’s own testimony to have fallen short of the proof required to refute Foster’s testimony and supportive evidence.
However, we do conclude that certain charges made by Foster are not supportable at any event.
In Charbonnet v. Ochsner, 258 La. 507, 246 So.2d 844, 848 (1971), the Supreme Court indicated that “cost-plus” contracts *172 are sui generis and require interpretation on the basis of the particular events leading up to their confection. The Court said:
“We make no attempt here to announce any broad rule with reference to the relationship between the owner and contractor on cost-plus contracts.” at 847.
Using this guideline, we find that the arrangement between Soule and Foster did not contemplate charges by Foster for ten percent of the overall cost of the job plus compensation for his own time on the job or for “insurance and overhead.” See: Kerner v. Gilt, 296 So.2d 428 (La.App. 4th Cir. 1974).
Although a contractor working on a “cost-plus” basis can perform actual labor on one of his own “cost-plus” jobs, any claim for such must be subjected to strong scrutiny. Such a claim runs contra to the usual and ordinary concept of the supervisory type service rendered by a “cost-plus” contractor. A claim for his own “labor” should be supported by an agreement between the parties that he will perform some labor on the job and make separate charge for same, absent which, we will presume the contrary. Thus, we find that there is insufficient support in this record for Foster’s claim for his own “labor.”
Likewise, Foster has shown no proper basis for the inclusion of the figure attributable to “insurance and overhead.” Such inclusion would depend upon a negotiated agreement between the parties and Foster neither asserts nor proves that Soule agreed to the inclusion of .these items as “costs.”
We conclude from the testimony that the “cost,” insofar as the intended agreement between the parties is concerned, requires the deletion of the following items from the award in Foster’s favor by the trial court:
1. Foster’s own “labor” charge of $1,299.00.
2. Foster’s “insurance and overhead” charge of $991.51.
3. Ten percent of the above.
Thus, the amount awarded by the trial court is reduced from $17,750.25 to $15,230.69 and, in all other respects the judgment is affirmed. Each party to this appeal is to bear his own costs.
Amended and affirmed.