356 So.2d 463 (1977)
C. B. SMITH, d/b/a CBS Builders
v.
Paul WESTERVELT, Jr.
No. 11595.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Richard L. Muller, Mandeville, for plaintiff-appellee.
Harold B. Carter, Jr., New Orleans, for defendant-appellant.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Paul Westervelt, Jr., defendant-appellant, is appealing from a judgment for $1,174.60, representing the balance due the plaintiff-appellee under an oral cost-plus construction contract.
Defendant-appellant questions the right of the contractor, C. B. Smith, d/b/a CBS Builders, to include as costs the charges for his own labor and to include $601.20 as 10 percent over-head cost in addition to the oral agreement of "cost plus ten percent."
Regarding the item which the contractor included for his own labor, we follow Foster v. Soule, 310 So.2d 170 (La.App. 4th Cir. 1975), writ denied, 313 So.2d 827 (1975), wherein it states that though a contractor working on a "cost-plus" basis can *464 perform actual labor on one of his own "cost-plus" jobs, any claim for such must be subject to strong scrutiny. The record includes an exhibit itemizing the dates and hours of the carpentry and miscellaneous labor that the contractor performed on the Westervelt job. Relying on Exhibit P-6, introduced in evidence, miscellaneous labor between June 7 and June 14, 1973, is shown as $20.00; and on nineteen days between June 15, 1973, and July 12, 1973, there is shown a total of 79 hours of work performed at $7.00 per hour for a total of $553.00, which sum, together with the $20.00 miscellaneous labor, reaches the sum of $573.00 in question. At the trial Smith testified that he prepared the information on the exhibit from his records and that the work he performed included "all the framing, the removing of the beams in the ceiling, removing the garage door, installing the glass door, removing the sheetrock on the walls, rehanging the sheetrock." We would rely on the trial judge giving weight to his testimony in this regard and finding that his labor was sufficiently proven. Therefore, we will affirm this portion of the judgment in the sum of $573.00 for his labor.
The item of $601.20 arose from Smith adding 10 percent of his costs as a charge for overhead to include, as he expressed at the trial "your insurance, your taxes, your withholding, and all of this stuff will amount to approximately ten percent of your basic contract." If Smith's contention were sustained, however, it would have the effect of converting the contract into a cost plus 20 percent contract rather than a cost plus 10 percent. Smith took the position that it was "customary" to include an overhead item as costs. No proof of the actual cost of overhead was submitted. Smith, also, was equivocal concerning whether he had discussed with Westervelt the inclusion of an additional 10 percent for overhead as an item of costs, stating that he would not swear that he discussed it with Westervelt. Absent evidence of consent by Westervelt, whom the record shows to be inexperienced in the building trade, we follow Osyka Mercantile Co. v. W. F. Klumpp & Co., 7 Or.App. 194 (1910), which concluded that custom could not be invoked against a party not in the same trade; and, therefore, he cannot be presumed to have contracted in reference to it. This is in accord with LSA-C.C. art. 1964:
"Equity, usage and law supply such incidents only as the parties may reasonably be supposed to have been silent upon from a knowledge that they would be supplied from one of these sources."
In the factual situation before us, Westervelt could not be imputed with the knowledge of the cost plus 10 percent overhead usage in a trade to which he did not belong or was not familiar. Supporting our holding is this statement:
"* * * [T]he ensuing doubt concerning the meaning of the contract must be resolved in favor of the debtor and against the creditor. * * *" (Aubry and Rau, Civil Law TranslationsObligations, § 347[3], p. 350)
Therefore, we hold that plaintiff is not entitled to the sum of $601.20 as 10 percent overhead cost, and it should be deducted from the judgment.
For the reasons stated above, we amend the judgment of the trial court so as to reduce the award to plaintiff to $573.40. In awarding this $573.40, we are aware that it is forty cents more than the arithmetic would allow by reducing the trial court judgment by $601.20 for the overhead cost, but this forty cents is de minimis and we allow it to the plaintiff. In all other respects the judgment is affirmed. All costs are to be shared equally by the parties.
AMENDED, AND AS AMENDED, AFFIRMED.