442 So.2d 1383 (1983)
William ANDRUS d/b/a Andrus Speedi-Kopi, Plaintiff-Appellant,
v.
Jerry Wayne BOURQUE, Defendant-Appellee.
No. 83-509.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1384 Brame, Bergstedt & Brame, David B. McCain, Lake Charles, for plaintiff-appellant.
Levingston, Tynes & Liles, Kenneth Milan and David L. Levingston, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
This is a suit on an open account. The only issue in this case is what party or parties are responsible for the account; there is no issue as to the fact that the account is owed or the amount owing.
On June 18, 1982, plaintiff, William Andrus, d/b/a Andrus Speedi-Kopi, filed a suit on an open account against defendant, Jerry Bourque, for amounts past due on a *1385 printing job contracted by defendant during the period from November, 1981, to February, 1982. By a supplemental and amending petition defendants South Baton Rouge Yellow Page Directory, Inc., (SBR) and J-Wayne Enterprises, Inc., (J-Wayne) were joined in the suit as solidary obligors. The alleged amounts past due were for printing services rendered in connection with a proposed publication to be named The Greater Boston Suburban Yellow Page Directory (Greater Boston).
By way of answers to plaintiff's demands, defendants denied any personal liability on the part of Jerry Bourque but admitted that the indebtedness was owed by SBR. The parties stipulated both SBR and J-Wayne to be lawfully incorporated Louisiana corporations. The trial court, in a judgment signed on February 28, 1983, held, (1) SBR to be liable for part of the debt, (2) SBR and J-Wayne to be liable in solido for the balance of the debt and (3) Jerry Bourque, individually, to be free from any liability on the debt and dismissed plaintiff's demands against him.
Plaintiff appeals from that portion of the judgment rendered in favor of Jerry Bourque, individually. He urges that Jerry Bourque did not initially disclose to him that the printing work was requested and done for a corporation; therefore, the defense of agency is not available to Bourque who should be held personally liable for the indebtedness. We reverse.

FACTS
Defendant, Jerry Bourque, headed two private business ventures each of which involved the selling of yellow page advertising space to businesses within specific market areas. Two yellow page directories were to be printed for distribution; one was for the Baton Rouge, Louisiana area and was to be named the South Baton Rouge Yellow Page Directory, the other was for the Boston, Massachusetts area and was to be named the Greater Boston Suburban Yellow Page Directory. Plaintiff was hired to print certain mail-out materials for these business ventures. All printing debts incurred in connection with the South Baton Rouge directory have been paid. This suit concerns only the printing debts incurred in connection with the Greater Boston directory.
In August, 1981, William Andrus began to print mail-out materials to be used in connection with these business ventures. From August, 1981, to October, 1981, materials were printed for the South Baton Rouge directory. As noted above these have been paid for. From November, 1981, to January, 1982, materials were printed for the Greater Boston directory. In substantial part, these remain unpaid. Both of these printing jobs were carried in plaintiff's ledger as being performed for a business by the name of "South Baton Rouge Telephone Directory".
Jerry Bourque testified that during the summer of 1981, he met with William Andrus to arrange to have some printing work done for the South Baton Rouge directory. He testified that he told Andrus that this work was being done for a corporation and that the account should be billed under South Baton Rouge Yellow Page Directory, the corporation's name. William Andrus testified that he did not recall meeting with Jerry Bourque at that time. Instead, he testified that he met with Chuck Bourque, Jerry's brother, to set up the account. Chuck Bourque has no connection with either of the two business ventures. As mentioned, the account was carried in Andrus' ledger under "South Baton Rouge Telephone Directory". Andrus claims that he was not made aware that this work was being performed for a corporation. He testified that the name carried in the ledger indicated to him only that it was a business and not that it was a corporation.
It is undisputed that the parties met sometime close to or in November, 1981, to arrange for printing related to the Greater Boston directory and that nothing was specified as to how this job was to be billed. Billing was continued under "South Baton Rouge". Andrus again testified that *1386 Bourque made no representations that he was representing a corporation at this time.
A total of ten (10) invoices were billed for printing work performed on the Greater Boston job. The first four (4) of these, representing printing orders placed through November 30, 1981, were billed to "South Baton Rouge". The next order for materials was placed on December 4, 1981. Andrus testified that when Bourque placed this order he told Andrus to invoice this and future invoices to J-Wayne Enterprises, Inc. An invoice for the order of December 4, 1981, is billed to "South Baton Rouge"; however, the job order ticket accompanying the invoice indicates that it was placed for J-Wayne Enterprises, Inc. Bourque testified that he never told Andrus to bill any invoices to J-Wayne. Three (3) of the remaining five (5) invoices were billed to J-Wayne. Of the remaining two (2) invoices, one does not appear in the record and the last is billed to Greater Boston.
Only one payment of $3,500 was made on the Greater Boston job. This payment was made with a check from J-Wayne. Bourque testified that SBR did not have any money and that J-Wayne loaned it the $3,500.
In its judgment, the trial court held, (1) SBR to be solely liable for the four (4) invoices representing orders placed through November 30, 1981, less a credit for $3,500, (2) SBR and J-Wayne liable in solido for the remaining six (6) invoices on the Greater Boston job, and (3) Jerry Bourque, individually, to be free from any and all liability and dismissed Andrus' demands against him.

POSITION OF PARTIES ON APPEAL
On appeal, plaintiff, William Andrus, urges that Jerry Bourque be found personally liable on the four invoices billed prior to the order which was placed on December 4, 1981, and invoiced on December 9, 1981. He also urges that the $3,500 payment made by the J-Wayne check should be credited to the J-Wayne portion of the debt rather than to the part for which SBR was held solely liable. He also seeks an increase in attorney's fees to reflect the additional work necessary for this appeal.
The defendant, Jerry Bourque, admits that a debt for all work done in the Greater Boston job is owed but claims in his brief that all such work was requested and done for corporations, SBR and J-Wayne, and not for Jerry Bourque in his personal capacity. Plaintiff urges that the defense of agency is not available to Bourque since he never initially disclosed to plaintiff that the printing was requested and done on behalf of a corporation, SBR.
The sole issue on appeal is whether, as a matter of fact, Bourque disclosed to plaintiff at the time the contract was formed, that he was acting on behalf of the corporation, SBR, as its agent.

APPLICABLE LAW
Louisiana law has long provided that an agent who fails to disclose his status and his principal's identity becomes personally liable for debts incurred at his behest, even if the work is done for the benefit of his principal. LSA-C.C. arts. 3012, 3013; J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1st Cir.1980). The agent has the burden to prove he disclosed this agency status and the identity of his principal, if he wishes to avoid personal liability. LSA-C.C. arts. 3012, 3013; Eastin v. Ramey, 257 So.2d 717 (La.App. 3rd Cir.1972); Chartres Corporation v. Twilbeck, 305 So.2d 730 (La.App. 4th Cir.1974). The special defense of agency cannot be proved by the mere testimony of defendant. He must be corroborated by other evidence. Guillory v. Courville, 158 So.2d 475 (La.App. 3rd Cir.1963).
Express notice of the agent's status and the principal's identity is not required to escape personal liability if the agent proves that sufficient evidence of the agency relationship was known by the third party so as to put him on notice of the principal-agent relationship. J.T. Doiron, Inc. v. Lundin, supra.
*1387 There is no evidence in the record, other than the uncorroborated testimony of Jerry Bourque, to indicate that William Andrus was made aware that any printing was being done on behalf of a corporation prior to the order placed on December 4, 1981, which was invoiced on December 9, 1981. The ledger was always carried under the name of "South Baton Rouge Telephone Directory". All mail-out materials printed for the South Baton Rouge directory were captioned "South Baton Rouge Telephone Directory". All mail-out materials printed for the Greater Boston directory were captioned "The Greater Boston Suburban Telephone Directory". Instead of bearing the full name appearing on the ledger, all job orders and invoices prior to December 4, 1981, were carried under the name of and billed to "South Baton Rouge", apparently as a shortened version of the company name. Nevertheless, nowhere on the ledger, the job orders, the invoices or on any of these printed materials do the words "corporation" or "incorporated" or their abbreviations in any form appear. The record is totally lacking of any indication of any agency relationship sufficient to have put Andrus on notice of a principal-agent relationship.
Only from December 4, 1981, when Andrus testified that Bourque told him to bill all future invoices to J-Wayne Enterprises, Inc., was Andrus made aware that he was dealing with a corporation and that a principal-agent relationship existed. Prior to that time, from our consideration of the transactions between the parties, we conclude that plaintiff was not aware nor should have been aware that Bourque acted in any capacity other than as an individual. Bourque failed in his burden of disclosure. Plaintiff is entitled to recover against Bourque individually for all printing debts accrued on the Greater Boston job prior to the December 9, 1981, invoice.

CREDIT OF $3,500
In its judgment, the trial court held SBR to be solely liable for the four (4) invoices representing orders placed through November 30, 1981, less a credit for $3,500. This payment of $3,500 was made with a check from J-Wayne. Defendant testified that the $3,500 check represented a loan from J-Wayne to SBR. There is no evidence, other than this testimony, to indicate that this was a loan. Plaintiff's ledger indicates that this payment was not made until on or about January 13, 1982. At this time, the ledger indicates that the part of the printing debt for which the trial court held SBR and J-Wayne liable in solido totalled well over $3,500. We hold that this $3,500 payment made by J-Wayne check should have been credited to the part of the debt for which J-Wayne and SBR were held liable in solido rather than to the part for which SBR was held solely liable.

ATTORNEY'S FEES
Plaintiff seeks an increased award in attorney's fees to reflect the additional work necessary for this appeal. See LSA-R.S. 9:2781. We award plaintiff $500 in attorney's fees for work done on this appeal.
We hold defendant, Jerry Bourque to be personally liable on the printing indebtedness for all invoices incurred prior to the invoice of December 9, 1981. We also hold that the $3,500 payment made by J-Wayne check is to be credited to the part of the debt for which the trial court held J-Wayne and SBR liable in solido. The judgment of the trial court is reversed insofar as it is inconsistent with our holding above. In all other respects the judgment of the trial court is affirmed. We award plaintiff $500 in attorney's fees for this appeal.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.