483 So.2d 169 (1986)
AMERICAN PLUMBING COMPANY, INC., Plaintiff-Appellee,
v.
John HADWIN, Defendant-Appellee,
Alan B. Boyd, Defendant-Appellant,
v.
Layla Restaurants, Inc., Defendant-Appellant.
No. 17475-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
Rehearing Denied February 20, 1986.
*170 C.P. Brocato, Shreveport, for American Plumbing Co., Inc.
Robert A. Jahnke, Shreveport, for John Hadwin.
Samuel V. Prunty, Jr., Shreveport, for Alan B. Boyd and Layla Restaurants, Inc.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
JASPER E. JONES, Judge.
This litigation was instituted by American Plumbing Co., Inc., a subcontractor, seeking to recover for plumbing services it performed under a construction remodeling contract. The subcontractor sued the general contractor, John Hadwin, and the alleged sublessees of the property which was the subject of the remodeling contract, Alan Boyd and Layla Restaurants, Inc. Boyd and the corporation third partied Hadwin seeking indemnification for any judgment plaintiff obtained against them and damages for plaintiff's defective work. Hadwin third partied Boyd and Layla Restaurants, Inc. seeking the balance due him as contractor on the remodeling contract, which included the amount sought by the plumbing subcontractor. Appellants, Boyd and Layla Restaurants, Inc., appeal the trial court judgment holding them and John Hadwin solidarity liable for the plumbing bill and holding them solidarily liable unto Hadwin for work he performed under the contract based upon cost plus 10%. The Hadwin judgment against Boyd and the corporation provides a credit for any sums paid by them in the future on the judgment in favor of the plaintiff plumbing company. Hadwin, the appellee, has answered the appeal seeking to recover an additional sum for carpenter labor he performed.
The assignments of error made by the parties present three issues for decision:[1]
(1) did the trial court err in finding the parties entered into a cost plus contract; appellants contend the contract was for an agreed price which has been overpaid to Hadwin who, alone, owes the plumbing bill.
(2) did the trial court err in holding Boyd and Layla Restaurants, Inc. liable in solido unto John Hadwin for the balance due under the construction contract; and
(3) did the trial court err in refusing to award John Hadwin an additional fee for carpenter labor he performed.

FACTS
In early 1981, Boyd contacted Hadwin regarding the renovation and conversion of an existing building into a restaurant. After inspecting three locations over a period of approximately one year, a site on West Gate in Bossier City was chosen. Mrs. Layla Boyd, wife of Boyd, and her brother, Maher Bishara, formed Layla Restaurants, Inc. and leased the building on West Gate. *171 Hadwin met with plaintiff plumbing subcontractor and an electrical subcontractor at the job site and subsequently informed the Boyds and Maher Bishara that it would cost approximately $7,700.00 to bring the structure "up to code." The Boyds and Bishara testified that the $7,700.00 figure was the cost of the entire job. Hadwin testified that the $7,700.00 figure was an estimate of what it would cost to bring the building "up to code." He stated he accepted the remodeling contract job on a cost plus 10% basis. He testified that about the time work actually commenced that it was agreed by him and Boyd that he was to receive an amount each day that was equivalent to two hours of carpenter labor as additional compensation for his supervision of the remodeling contract. He does not articulate this part of his contract in brief, though the record establishes that this claim is included in the amount he claimed in the trial court and on appeal for carpenter labor. He also contends that he was to be paid regular carpenter labor for all carpenter work personally performed by him.
Hadwin subcontracted the plumbing work to American Plumbing Co., Inc. Hadwin submitted bills and invoices to Boyd as the work progressed. The invoices, at the request of Boyd, were charged in the name of Layla Restaurants, Inc. and the bills were paid by checks drawn upon that corporation's bank account. The total cost of materials, labor, and Hadwin's 10% fee reflected on the bills submitted to the corporation amounted to $17,190.67. This total included Hadwin's claim for $1,302.00 for his personal carpenter labor and supervision fee. The corporation paid Hadwin the total sum of $8,556.37 on the invoices submitted and refused to pay any further sums contending that Hadwin had agreed to perform the entire job for the sum of $7,700.00.
The trial court rendered judgment in favor of American Plumbing Co., Inc. and against Hadwin, Layla Restaurants, Inc., and Boyd, in solido, for the plumbing bill. Judgment was rendered in favor of Hadwin on his third party demand against Layla Restaurants, Inc. and Boyd, in solido, for the balance due under the cost plus contract. The trial court refused to award Hadwin the additional sum claimed for his carpenter labor which included the daily supervision fee equivalent to two hours of carpenter labor.

ISSUE # 1COST PLUS CONTRACT
Boyd and Layla Restaurants, Inc. contend the trial judge erred in holding that the remodeling agreement was a cost plus contract. Appellants argue that they understood the $7,700.00 figure quoted by Hadwin was a firm price for the entire job. Hadwin contends the trial court was correct in holding that the parties agreed on a cost plus contract. He contends the $7,700.00 figure was nothing more than an estimate of what it would cost to bring the structure up to code.
The trial judge, in his reasons for judgment, held the parties entered into a cost plus 10% contract. The trial court denied Hadwin's claim for his personal carpenter work and supervision fee which was the amount of $1,302.00. The court found Hadwin entitled to $15,758.47 under the contract. The $8,556.37 which had been paid was deducted and judgment was rendered for the sum of $7,202.10 in favor of Hadwin and against Boyd and Layla Restaurants, Inc., in solido.

APPLICABLE LAW
In a cost plus percentage of the cost contract, the owner reimburses the contractor for the cost of the material and labor and the contractor's profit is to be a certain percentage of the total cost of the project. Standard Oil Company of La. v. Fontenot, 4 So.2d 634 (La.1941); Joe Bonura, Inc. v. Hiern, 419 So.2d 25 (La.App. 4th Cir.1982); Planning Systems Corp v. Murrell, 374 So.2d 719 (La.App. 4th Cir.1979) writ denied, 376 So.2d 319 and 377 So.2d 843 (La.1979).
When a contractor asserts a claim on a cost plus contract and the owner denies being indebted to the contractor, the contractor *172 has the burden of proving each item of expense in connection with the job and he must itemize each expenditure made by him. Planning Systems Corp. v. Murrell, supra.
The trial court found that the initial cost of the work discussed by the parties was $7,700.00. This figure was based upon estimates obtained by Hadwin made for the plumbing, electrical and carpenter work totaling $7,000.00, plus 10% as Hadwin's profit. The estimates were based primarily upon doing only work required to bring the restaurant into compliance with the current Bossier City building code. The estimates were made before the plans were submitted to Hadwin. The plans required far more work than the minimum contemplated to bring the building into compliance with the code. There were many extras added beyond the plans to the work as it progressed. Hadwin introduced into evidence a series of itemized bills and invoices reflecting the expenses relating to the remodeling job. The total cost reflected by these bills, excluding the 10%, was $15,627.87[2] which was more than twice the $7,700.00 which the appellants contend was the contract price. It is apparent that Hadwin could not have given a firm price without the plans and could not have done a job costing $15,627.87 for $7,700.00. All of these circumstances, together with Hadwin's testimony, provide substantial evidence to support the trial court's finding of a cost plus 10% contract. The identification and introduction into evidence of these documents satisfied Hadwin's burden of proving each item of expense in connection with the job. Further, the factual findings of the trial judge are entitled to great weight and will not be disturbed on appellate review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262, writ den., 374 So.2d 660 (1979). The trial judge did not err in finding that the parties entered into a cost plus contract.

ISSUE # 2LIABILITY OF ALAN BOYD
Boyd contends the trial court erred in holding him liable in solido with Layla Restaurants, Inc. Boyd testified he specifically informed Hadwin the work was to be done for Layla Restaurants, Inc. Boyd argues that where an agent discloses his principal, the agent cannot be held personally liable. He points out that all invoices were made out to Layla Restaurants, Inc. and all checks paying on the work were drawn on the corporate account. Hadwin contends the trial court was correct in holding Boyd liable in solido with Layla Restaurants, Inc. for the balance due under the contract. Hadwin points out that the contract was negotiated with Boyd. Hadwin asserts he never considered himself working for anyone but Boyd, and that Layla Restaurants, Inc. was not formed until ten or eleven days before work on the structure began.
The trial court made no factual finding as to whether Boyd disclosed his agency relationship with Layla Restaurants, Inc. to Hadwin. The trial judge found Boyd solidarity liable with Layla Restaurants, Inc. because all preliminary negotiations were conducted between Boyd and Hadwin and Layla Restaurants, Inc. was not formed until a few days prior to the contract. The trial judge reasoned that all of the people who worked on the job testified that they thought Boyd was the owner and that Boyd acted as owner.
An agent who fails to disclose his status and his principal's identity becomes personally liable for debts incurred at his request, even if the work is done for the benefit of his principal. LSA-C.C. arts. 3012, 3013; Andrus v. Bourque, 442 So.2d 1383 (La.App. 3d Cir.1983); J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1st Cir.1980). The agent has the burden of proving that he disclosed his agency status and the identity of his principal, if he *173 wishes to avoid personal liability. LSA-C.C. arts. 3012, 3013; Andrus v. Bourque, supra; Chartres Corporation v. Twilbeck, 305 So.2d 730 (La.App. 4th Cir.1974). The special defense of agency cannot be proved by the mere testimony of the reputed agent. He must be corroborated by other evidence. Guillory v. Courville, 158 So.2d 475 (La.App. 3d Cir.1963); Wilson v. McNabb, 157 So.2d 897 (La.App. 1st Cir. 1963).
Express notice of the agent's status and the principal's identity is not required to escape personal liability if the agent proves that sufficient evidence of the agency relationship was known by the third party so as to put him on notice of the principal-agent relationship. J.T. Doiron, Inc. v. Lundin, supra.
The record establishes that at the time Hadwin advised the appellants of the cost of bringing the building up to code and obtained the plans, he had sufficient evidence to put him on notice of the principal agency relationship between Boyd and the corporation. Hadwin's testimony admitted the disclosure of the relationship before the remodeling was actually commenced. Boyd, his wife, and his brother-in-law, all testified that Hadwin was informed that the work was to be performed for Layla Restaurants, Inc. in which Boyd had no interest at a meeting held on February 28, 1982. Hadwin testified that although he believed that he was working for Boyd, there was some mention of the corporation during this meeting which was when he quoted the price to bring the structure up to code. At this meeting Hadwin received from Boyd five floor plans of the proposed modification of the building for the new restaurant and on each floor plan there is clearly set forth in large bold print, Layla Restaurants, Inc., and the name Boyd does not appear on the plan. The notice of the corporate existence that Hadwin admitted receiving from Boyd on February 28, 1982, together with the remodeling plans showing the name of the corporation, is at the very least sufficient evidence to have put Hadwin on notice of the agency relationship. Hadwin admitted at trial that at the restaurant at a time when only two or three hours of cleaning had been performed and when no remodeling had been done, that he was specifically advised by Boyd to make all bills to Layla Restaurants, Inc. He admitted he was told he would be paid by corporate checks. Hadwin followed these instructions and submitted requests for payment to the corporation and was paid by corporation checks. Hadwin admitted that he verbally fully acquiesced in this contractual arrangement with the corporation by advising Boyd this manner of handling the matter created "no problem with him." These events eliminate the significance of the numerous prior contacts between Boyd and Hadwin regarding the proposed restaurant and which occurred prior to the formation of the corporation and the commencement of the remodeling project. These circumstances establish that Hadwin had express notice of the principal agent relationship between Boyd and Layla Restaurants, Inc. The trial judge was clearly wrong in not finding Boyd was a disclosed agent and committed error in holding Boyd solidarily liable with Layla Restaurants, Inc. for the balance due Hadwin under the construction contract. A copy of the plans were delivered to American Plumbing Company, Inc. at the commencement of the work and only Hadwin contracted with it. Boyd, as the corporation's disclosed agent, was not liable to the plaintiff and should not have been cast in judgment.

ISSUE # 3CARPENTER LABOR PERFORMED BY HADWIN
Hadwin contends the trial court erred in refusing to award him $1,302.00 plus 10% for carpenter labor he performed. Hadwin argues that if he had employed another carpenter to perform this labor, there would be no reason for refusing to include it as part of the cost of the job.
Although a contractor working on a cost plus basis can perform actual labor on one of his own cost plus jobs, any claim for such must be subjected to strong scrutiny. *174 Such a claim runs contra to the usual and ordinary concept of the supervisory type service rendered by a cost plus contractor. A cost plus contractor's claim for his own labor should be supported by an agreement between the parties that he will perform some labor on the job and make separate charge for the same, absent which, the contrary will be presumed. Foster v. Soule, 310 So.2d 170 (La.App. 4th Cir.1975), writ denied 313 So.2d 827 (La. 1975); Smith v. Westervelt, 356 So.2d 463 (La. App. 1st Cir.1977).
The trial judge determined Hadwin was not entitled to additional compensation for his carpenter labor as part of the cost of the job. Inherent in this finding is a determination by the trial judge that there was no agreement made by the terms of which Hadwin would receive any sum as compensation for his work except 10% of the cost of doing the job. We find the record does not reflect that Hadwin testified that he told the appellants that he would charge an additional fee for performing carpenter work. Hadwin did testify that on the day work commenced on the contract Boyd agreed on the telephone to pay him two hours carpenter's wages for each day that he supervised the job as additional compensation. However, this did not relate to actual carpenter labor. Hadwin did not itemize what part of the $1,302.00 carpenter labor he here seeks was for actual carpenter work performed and what part was based upon the daily two hour supervisory fee. Boyd had testified Hadwin was not to receive cost plus 10% but only a lump sum of $7,700.00. The trial judge heard the witnesses testify and did not believe the appellants agreed to pay Hadwin any sum other than cost plus 10% and we do not find this determination clearly wrong.
The judgment appealed against Alan B. Boyd in favor of American Plumbing Company, Inc. and in favor of John Hadwin is REVERSED AND SET ASIDE AND AS AMENDED THE JUDGMENT IS AFFIRMED with all costs of the appeal divided equally between John Hadwin and Layla Restaurants, Inc.
NOTES
[1] Boyd and Layla Restaurants, Inc. contend the trial court erred in holding the parties had agreed on a cost plus, rather than a fixed price, contract.

Boyd contends that he was a disclosed agent for Layla Restaurants, Inc. and, therefore, not liable to John Hadwin under the construction contract.
John Hadwin contends the trial court erred in refusing to award him an additional fee for carpenter labor he performed under the contract.
[2] This figure included Hadwin's personal carpenter labor claim in the amount of $1,302.00 which was denied by the trial judge.