WARREN E. HOOD, Judge Pro Tem.
This appeal arises out of a dispute over a verbal contract entered into between Sam Rini, a contractor, and Higgins and Starling, a law firm partnership and its members, George L. Higgins, III and Richard E. Starling, Jr., who were interested in remodeling a building to use as their law offices. The parties agreed that the work would be done on a cost-plus basis — the cost of the labor and materials plus twelve percent.
Renovations began in September of 1986. After paying $65,319.32, Higgins and Starling requested that a detailed itemization of costs for the job be provided to them, and they refused to pay any more money. Subsequently, Sam Rini, Inc. filed suit on open account for the unpaid balance of $27,-636.96. Higgins and Starling filed suit for damages. These suits were consolidated for trial, and judgment was rendered in favor of Rini in the claimed amount less a deduction of $26,989.92 for overcharges.
Rini appeals specifying five assignments of error. In the first assignment, he argues the court erred in denying the charges for his own labor. Next he argues that he was entitled to add thirty-five percent of the labor charge to cover such expenses as worker’s compensation insurance and taxes, which the court disallowed. In his next assignment of error, Rini argues that an exhibit and the testimony explaining it were improperly admitted in evidence. By his fourth assignment of error, he argues that the trial court erred in disallowing an additional one dollar per hour labor charge to cover certain administrative expenses. Finally he argues that the amounts of the deductions contained in the judgment are incorrect. We find merit only in the last assignment.
In their brief, Higgins and Starling argue that there were other excessive charges. However, as they failed to appeal or file an answer to Rini’s appeal, those arguments will not be considered.
ISSUE NUMBER 1 — LABOR OF SAM RINI
Rini argues that the trial court was in error in refusing to allow him to charge for his own labor totaling $7,777.50. Hig *1240 gins and Starling testified that they did see Rini perform some physical labor. However, the law is clear that for a contractor to charge for his own labor, there must be an agreement between the parties allowing this charge. As the court stated in American Plumbing Co., Inc. v. Hadwin, 483 So.2d 169 (La.App.2d Cir.), writ denied, 486 So.2d 756 (La.1986):
“Although a contractor working on a cost plus basis can perform actual labor on one of his own cost plus jobs, any claim for such must be subjected to strong scrutiny. Such a claim runs contra to the usual and ordinary concept of the supervisory type service rendered by a cost plus contractor. A cost plus contractor’s claim for his own labor should be supported by an agreement between the parties that he will perform some labor on the job and make separate charge for the same, absent which, the contrary will be presumed. Foster v. Soule, 310 So.2d 170 (La.App. 4th Cir.1975), writ denied 313 So.2d 827 (La.1975); Smith v. Westervelt, 356 So.2d 463 (La.App. 1st Cir.1977).”
Sam Rini, himself, testified that during negotiations there was no mention made of charging for his labor. This assignment is without merit.
ISSUE NUMBER 2—THIRTY-FIVE PERCENT CHARGE ON LABOR
Rini charged thirty-five percent, or $11,578.05, on all labor for overhead expenses such as insurance and taxes. Mr. Rini testified that he told Higgins and Starling, when explaining cost, that “... the labor would be the actual labor that I paid the men and expenses, insurance and everything else to go with it of the cost of the labor.” However, he conceded that no mention was made of the figure of thirty-five percent. Higgins and Starling testified that during the contract discussion, charges for insurance, taxes or any other overhead expenses were never mentioned.
For this charge to be allowed, there must have been a negotiated agreement between the parties that the word “cost” would include such items. Foster v. Soule, supra; Smith v. Westervelt, supra. The trial judge found that Rini did not specifically advise Higgins and Starling that they would be paying an additional thirty-five percent and deducted $11,578.05 from Rini’s claim. We cannot say that this conclusion is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). This assignment is without merit.
ISSUE NUMBER 3—INTRODUCTION OF HIGGINS AND STARLING EXHIBIT NO. 14
Higgins and Starling exhibit number fourteen is a document containing figures representing alleged overcharges by Rini. The document is a summary of a voluminous two hundred and thirty-five page exhibit introduced by Rini representing costs for the job. Rini objected to the introduction in evidence of this exhibit on the ground that it was not compiled by an independent individual, but by the defendant Starling himself. He also objected to Starling testifying regarding the figures in the exhibit, arguing that this was opinion testimony and that such testimony should have been presented by an expert.
La.C.E. art. 1006 allows the use of summaries of voluminous writings. Rini had the opportunity to contest the validity of any of the figures in the exhibit. (We note that some of the figures were based on an incorrect procedure of calculation. This will be considered more fully in the discussion of issue number five). This assignment is without merit.
ISSUE NUMBER 4—ONE DOLLAR PER HOUR FOR ADMINISTRATIVE EXPENSES
Shirley Rini, Sam Rini’s wife, who was responsible for the bookkeeping, testified that it was the practice of the corporation to add one dollar per hour to the laborers’ wages to help defray administrative expenses such as office supplies and gasoline. However, Sam Rini testified that he did not mention this one dollar per hour surcharge during the negotiations. As in the instance of the 35% labor surcharge, *1241 since this charge was not agreed upon in the contract negotiations, the trial court was correct in disallowing it. Foster, supra.
ISSUE NUMBER 5
The trial court in its written reasons found that Rini was entitled to $27,636.96 on the contract, less the following deductions: thirty-five percent overhead charges; one dollar per hour added to labor charge; charge for labor of Sam Rini; one and one half hours of duplicate labor for repair of window; and excessive 12% profit factor. The judgment presented to the judge for his signature included amounts for those items. Counsel for Rini refused to sign the judgment arguing that some of the figures were incorrect. We agree.
The deducted items and the amount of each deduction appear in the judgment as follows:
1. 35% overhead charge ... $11,578.05
2. $1.00 per hour labor surcharge . 4,720.55
3. Labor of Sam Rini. 7,777.50
4. 1 & lk hours of duplicate labor. 22.50
5. Excessive 12% profit factor. 2,891.32
TOTAL. $26,989.92
AMOUNT OF PLAINTIFFS CLAIM. $27,636.96
LESS deductions of_ —26,989.32
BALANCE DUE PLAINTIFF-RINI: ... $ 647.64
Although Rini contends, that no deduction should be made for any of the items listed, with the exception of item # 4, he only disputes the amounts used for items # 2 and # 5.
ITEM # 2
After reviewing the record in this case, we find that the amount used for item # 2 for the one dollar per hour labor surcharge deduction is incorrect. The trial judge evidently adopted the figure presented in Higgins and Starling exhibit number fourteen of $4,720.55.
In arriving at that figure, Higgins and Starling began with total man hours, less the hours worked by Rini. The hours worked by Rini were excluded because Rini had not added the $1.00 per hour labor surcharge to the hours he worked. They then divided those hours, 2823.50, into regular time hours, 2226.50, and overtime hours, 597, and added one dollar per hour labor surcharge for the regular hours (2226.50 x $1.00 = $2226.50) and one dollar and fifty cents per hour labor surcharge to the overtime hours (597 X $1.50 = $895.50). This was the way it had been charged by Rini. Then each labor surcharge amount was multiplied by thirty-five percent, representing the overhead charge ($2226.50 X 35% = $779.27; $895.50 x 35% = $313.42). These amounts were then added to the labor surcharges ($2226.50 + $779.27 = $3005.77; $895.50 + $313.42 = $1208.92) and then multiplied by the 12% profit factor to arrive at the charge for that profit factor ($3005.77 X 12% =$360.69; $1208.92 x 12% = $145.07). These amounts for the profit factor were added to the totals of the labor surcharges and overhead charges ($3005.77 + $360.69 = $3366.46; $1208.92 + $145.07 = $1353.99). These numbers were then totaled to arrive at the total overcharge of $4720.55 ($3366.46 + 1353.99 = $4720.55).
The 35% overhead charge should not have been factored into Higgins and Starling’s calculation of item # 2. The deduction for the 35% overhead charge had already been deducted as item # 1. The amount of the deduction allowed in item # 1, $11,578.05 is 35% of the total labor charged, and neither side disputes its accuracy. Therefore, using the calculations of Higgins and Starling would allow Higgins and Starling an additional deduction for the 35% overhead charge. This inflation of the 35% overhead expense deduction also causes inflation of the 12% profit factor deduction.
The correct method of calculation of the $1.00 per hour labor surcharge is first to multiply the regular time and overtime charges by only the twelve percent profit factor ($2226.50 X 12% = $267.18; $895.50 X 12%: $107.46), and then add the resulting amounts ($267.18 and $107.46) to the regular hours and overtime hours charges *1242 ($2226.50 + $267.18 = $2493.68; $895.50 + $107.46 = $1002.96). The total of $2,493.68 and $1,002.96 is $3,496.64, the correct amount of the deduction.
ITEM # 5
Rini also questions the credit given for the excessive twelve percent profit factor. The correct amount is twelve percent of the amounts of the items incorrectly charged to Higgins and Starling. These items include the thirty-five percent overhead charge ($11,578.05 X 12% = $1389.37), the charge for labor of Sam Rini ($7777.50 x 12% = $933.30), and the charge for one and one half hours of duplicate labor for the repair of the window ($22.50 X 12% = $2.70). (The one dollar per hour surcharge was also an item that should not have been charged to Higgins and Starling; however, the improper twelve percent profit factor was included in those calculations discussed in item # 2, above). The proper deduction for this twelve percent overcharge is $2,325.37 ($1389.37 + $933.30 + $2.70). The judgment must be amended to include the correct calculations.
Then the judgment should have reflected the following deductions:
1. 35% overhead charge ... $11,578.05
2. $1.00 per hour labor surcharge . 3,496.64
3. Labor of Sam Rini. 7,777.50
4. 1 & lk hours of duplicate labor. 22.50
5. Excessive 12% profit factor. 2,325.37
TOTAL. $25,200.06
AMOUNT OF -PLAINTIFF’S CLAIM. $27,636.96
LESS deductions of_ —25,200.06
BALANCE DUE PLAINTIFF-RINI: . $ 2,436.90
Judgment is hereby rendered in favor of Sam Rini, Inc. and against George L. Higgins, III, and Richard E. Starling, Jr., individually, and Higgins and Starling, partnership, for $2,436.90 plus legal interest from the date of judicial demand until paid. Costs to be paid by Higgins and Starling.
AFFIRMED AS AMENDED AND RENDERED.