328 So.2d 743 (1976)
AMERICAN RENT ALL, INC.
v.
James J. CULOTTA.
No. 7300.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Satterlee & Mestayer, Henry F. Mestayer, New Orleans, for plaintiff-appellee.
Zeringer & Zeringer, Harold J. Zeringer, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and BEER, JJ.
GULOTTA, Judge.
Defendant appeals from a judgment rendered against him, individually, in the sum of $836.80 for the unpaid balance due for the rental of furniture. It is defendant's *744 contention that the rental agreement was made by him in his capacity as president of Tide Rock Village Apartments, Inc., an apartment complex in Biloxi, Mississippi, and the furniture was transported and used by the Mississippi corporation in Biloxi. According to defendant, the trial judge erroneously cast him individually for a corporate debt. We do not agree. Accordingly, we affirm.
The rule is well established that it is the agent's duty to disclose his capacity as agent of a corporation if he is to escape personal liability for contracts made by him. Prevost v. Gomez, 251 So.2d 470 (La.App.1st Cir. 1971). Also well established is the rule that the agent bears the burden of proof of showing that he was purchasing in his corporate, not individual, capacity. See Chartres Corporation v. Twilbeck, 305 So.2d 730 (La.App.4th Cir. 1974). Applying the jurisprudence to the instant case, we conclude defendant did not bear the burden of showing disclosure to plaintiff that purchases were made in defendant's corporate capacity.
Not disputed in the record is the fact that defendant personally contacted plaintiff with regard to the rental of the furniture; that bills were sent for the furniture rental to defendant at his address in Jefferson Parish; and, that the furniture was transported to the corporation in Biloxi, Mississippi. Significantly, the bills and invoices, some of which indicated that the billing was to be made to James J. Culotta, were not made out in the corporate name but in the name of "Tide Rock Village Apartments". The designation "Inc." or "Corp." does not appear on any documents in the record. Also significant is the absence in defendant's testimony that he advised anyone at American Rent All, Inc. that he was acting in his corporate capacity. He did, however, testify that he was, in fact, acting in his corporate capacity.
Audrey E. Carnaby, plaintiff's employee, testified that all of the arrangements for the rental of the furniture were made with defendant. According to her testimony, she was instructed by defendant to ship the furniture to Mississippi and to bill defendant for the rental charge. This testimony was not denied by defendant.
We reject defendant's contention that payments made for the rental through the corporate, not personal, bank account, together with his testimony that he was acting in his corporate capacity as president of the corporation, are sufficient to carry the burden of disclosure. See Jahncke Service v. Heaslip, 76 So.2d 463 (La.App.Orl.1954); Wilson v. McNabb, 157 So.2d 897 (La.App.1st Cir. 1963); Prevost, supra; Chartres Corporation, supra.
The judgment is affirmed.
AFFIRMED.