360 So.2d 252 (1978)
REGENCY ELECTRIC, INC.
v.
Wade T. VERGES.
No. 8551.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
*253 Richard A. Najolia, New Orleans, for plaintiff-appellee.
Hecker & Orrill, R. Ray Orrill, Jr., New Orleans, for defendant-third-party defendant-appellant.
Before LEMMON, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
Defendant, a contractor and owner of a professional office building, appeals from a judgment in favor of a subcontractor in the sum of $3,262.81.
Plaintiff contracted with defendant to do the electrical work on the office building located on Morrison Road and also property located at 7040-42 Bundy Road. Defendant withheld payment of the sum of $1,547.81 because of damage allegedly done to the floor in one of the office suites in the Morrison Road property in which plaintiff had performed electrical work. Defendant also withheld payment of $1,715.00, claiming that this amount represented extra work agreed upon between the subcontractor and tenants in the office suites. According to defendant, if this amount is owed, it is the responsibility of the tenants who contracted directly with plaintiff. Also in dispute is the additional sum of $640.00 which defendant withheld from payment to plaintiff because of defective work performed by plaintiff on the Bundy Road property.
*254 The trial judge rendered judgment originally in the sum of $3,902.81, however, after granting a partial new trial the judgment was reduced by the sum of $640.00 to the sum of $3,262.81. It is from this judgment that defendant appeals. Plaintiff answers the appeal and seeks reinstatement of the judgment in the original amount.
In addition to seeking exoneration from the judgment in favor of plaintiff, defendant claims the trial judge erred in failing to award an expert's fee to defendant's expert witness.
Defendant claims error on the part of the trial judge in 1) awarding a judgment against him individually when the contracts were made between plaintiff and BMV & Associates, Inc. through Wade Verges in his capacity as a corporate officer;[1] 2) failing to recognize the validity and to give effect to a release by plaintiff in favor of defendant individually and the corporation for any claims which plaintiff may have for work performed at the Morrison Road property; 3) failing to find that the damage caused to the floor in one of the suites of the Morrison Road property was caused by an employee of plaintiff; 4) failing to find the $1,715.00 indebtedness for electrical work is the responsibility of the tenants and not defendant individually or BMV & Associates, Inc., owner of the building.

JUDGMENT AGAINST DEFENDANT INDIVIDUALLY
Well established is the rule that one who claims he is acting in a corporate capacity has the duty to disclose that he is contracting as an agent of the corporation and not as an individual. In such cases, the burden of proof of showing disclosure is placed on one claiming the agent relationship. See American Rent All, Inc. v. Culotta, 328 So.2d 743 (La.App. 4th Cir. 1976) and H. B. "Buster" Hughes, Inc. v. Bernard, 306 So.2d 785 (La.App. 4th Cir. 1975), affirmed, 318 So.2d 9 (La.1975).
In connection with the evidence relating to disclosure, Irish H. Jones, manager of Regency Electric, Inc., testified that he was not aware that Verges was an officer of the BMV corporation. He recognized that defendant was connected with BMV & Associates, but did not know of the corporate status. According to Jones, he dealt with Verges individually. Jones further testified that at no time had he been advised that the work was being done for a corporation. He assumed that BMV & Associates was a trade name. Jones also stated that he had presented the bids to Verges and that Verges had signed them.
Significantly, letters and communications sent by Regency Electric were addressed to "BMV & Associates". These letters which constituted agreements between the parties were approved by "BMV & Associates" and were signed by Wade T. Verges. No corporate representation appeared under the signature of Verges. Further invoices from Regency Electric were addressed to "BMV & Associates" and not to the corporation. Also strongly persuasive that defendant was acting in his individual capacity is the release, relied on by defendant, which is from Wade T. Verges and "BMV & Associates" (and another party) and is not in the corporate name.
Although Verges testified that Jones had dealt with him as an officer of the corporation, he acknowledged that his signature was not identified by his corporate capacity. We find significant also that although Verges testified all bills had been paid from checks drawn on a corporate account, no corporate checks were introduced into evidence. Verges did testify, however, that he had attempted to subpoena the corporate records but was unsuccessful. With the exception of an estimate from an electrical contractor for repairs to the Bundy Road property and a lease executed between the corporation and a tenant in the Morrison Road property, no other documentary evidence was offered to support defendant's *255 claim that the contracts with Regency were executed with the corporation. Even invoices from another electrical contractor who did electrical work on the Bundy property were invoiced to "W. T. Verges".
The record supports the trial court's conclusion awarding judgment against defendant Verges individually. Defendant simply failed to carry the burden of showing that he disclosed to plaintiff he was acting in his corporate capacity.

RELEASE
We find no merit to defendant's argument that the receipt and release executed by Regency in favor of Verges and BMV & Associates is an exoneration of the claims made by plaintiff. The document, as pointed out by defendant, states that Regency Electric and Jones release defendant Verges and "BMV Associates" from any claims against them for work performed on the Morrison Road building. However, in the following paragraph, the release states:
"This release and receipt in no way alters the right of Irish Harrison Jones or Regency Electric, Inc., who may claim and collect for work performed for certain individuals at the above described premises, more particularly but not exclusively Dr. Benny Parent, Dr. David Spizer, Dr. Denny Booth and Dr. Murphy St. Romain."
The release makes the recognition that $1,547.81 is being withheld by Verges in connection with a claim for damage to a tenant's suite alleged to have been caused by employees of Regency.
The very wording of the release has the effect of reserving to Regency the right to claim and collect for the extra work performed for the tenant and of recognizing the existence of a disputed damage claim. These claims form the basis of plaintiff's suit for recovery for work performed on the Morrison Road property. Under the circumstances, we conclude, apparently as the trial judge did, the receipt and release document does not estop plaintiff from asserting the claims made in the instant suit.

PROOF OF DAMAGED FLOOR
The total award included the withheld disputed amount, $1,547.81, because of defendant's claim that the floor was damaged by a Regency employee. The sum and substance of defendant's evidence regarding this aspect of plaintiff's claim is that a tenant told defendant that the damage to the floor had been caused by a Regency worker and that Verges had paid for the repair of the floor. Two Regency employees, on the other hand, testified that they had worked in the area where the floor was allegedly damaged (cigarette burns); that they had not caused damage to the floor; and that carpenters, air conditioning men and other tradesmen had been working in the same area. Under the circumstances, we conclude the trial judge did not err in his award to plaintiff of this disputed amount.

AWARD FOR EXTRA WORK
The remaining part of plaintiff's award is the sum of $1,715.00 for work performed on suites in the Morrison building leased to tenants. Although no written reasons were assigned by the trial judge, little if any credibility was placed on defendant's testimony that Regency had contracted directly with the tenants for this extra work. Jones testified that a change order involving this extra work had been signed by a Verges employee and a second change order had been initialled by Verges. Indeed, the exhibits support the testimony of Jones. Furthermore, the doctors for whom this work was being done stated that the arrangements for the extra work had been made with Verges; that they had not dealt with Regency Electric and that Verges had indicated that he would pay the bill and the doctors could pay him. These tenants testified Verges had been in fact paid by them for this extra work. Jones testified that Verges, however, had not paid Regency Electric. The trial judge obviously made a credibility call and the evidence supports his conclusion.

*256 DEFECTIVE WORK CLAIM
The trial judge, after hearing on partial new trial, reduced plaintiff's award by the sum of $640.00. Defendant claimed the electrical work on the Bundy Road property was defective. The testimony of two electrical contractors was that improper connections of aluminum wiring caused damage requiring replacement of wiring from meters to main panels; that improperly installed receptacles had to be replaced and that loose connections and switches had to be repaired. Paid invoices from one contractor for repairs resulting from Regency's defective work on the Bundy Road property amounted to $335.00. The second electrical contractor billed Verges $280.90 for other work performed on the Bundy Road property and indicated that the total additional cost would amount to $375.00. Under the circumstances, we conclude the trial judge did not err in awarding defendant a credit for the defective work repairs.

EXPERT'S FEE
We conclude, however, the trial court erred in not awarding an expert's fee to Joe Algero, one of the electricians who performed repairs on the Bundy Road property. The court stated it would not recognize Algero as an expert although it recognized that he could testify to the extent of his expertise in doing electrical work. In the judgment on the motion for new trial, however, the court awarded a $50.00 expert fee to Charles H. Juan and taxed this as a cost against Regency Electric. Juan's qualifications and expert testimony were not substantially different from that of Algero.
We recognize that the determination of the qualifications and competency of an expert is discretionary. Catalanotto v. Hebert, 347 So.2d 301 (La.App. 4th Cir. 1977); Carvell v. Winn, 154 So.2d 788 (La. App. 3d Cir. 1963). However, because the record discloses little if any substantial difference in the qualifications and testimony of the two witnesses, consistency requires that either both or neither be paid. Both witnesses testified they had worked on the property and both gave opinion evidence.[2] Because an expert fee was awarded to Juan, we deem an award to Algero in the same amount is proper.
Accordingly, the judgment is amended to award a $50.00 expert fee to Joe Algero to be taxed as costs to Regency Electric. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] The trial judge overruled Verges's exception of non-joinder of an indispensable party (the corporation).
[2] An expert witness who gives opinion testimony in addition to factual testimony is entitled to an expert's fee. Rooker v. Checker Cab Company of New Orleans, Inc., 145 So.2d 631 (La. App. 4th Cir. 1962); Sacco v. Laviolette, 280 So.2d 636 (La.App. 4th Cir. 1973).