392 So.2d 145 (1980)
PAT'S FURNITURE SHOWROOMS, INC.
v.
The FURNITURE WAREHOUSE OF HOUMA, INC., et al.
No. 13570.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
Bruce S. Kingsdorf, New Orleans, for plaintiff and appellant.
Ernest A. Kelly, Houma, for defendants and appellees.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge.
Ned L. LeBlanc and Dennis P. Fanguy were in the furniture business together in Houma, Louisiana. Their business was incorporated as The Furniture Warehouse of Houma, Inc. In 1978, they decided to liquidate the business, which had not been doing well, by means of a sale. It was hoped that there would be sufficient profit from the sale to enable all of the business debts to be paid.
Through Thomas C. Baynham, who handled advertising for defendants' store and for Pat Mashburn's stores, an agreement was reached, under which Mashburn would furnish inventory at cost to defendants to use in the sale. According to Baynham and Mashburn, these goods were to be paid for as they were sold. LeBlanc testified that there was no specific agreement as to how the goods were to be paid for, other than out of the proceeds of the sale.
In June, July and August, 1978, various merchandise was delivered and payments *146 made thereon, without any difficulty arising between the parties. On August 22, 1978, Mashburn was paid with a bad check, which was never made good. No further deliveries were made thereafter, and some items were returned to Mashburn for credit after the sale had ended. There was a final balance due of $10,863.58.
This suit was originally filed against The Furniture Warehouse of Houma, Inc. Subsequently, the petition was amended to join Mr. LeBlanc, and Mr. Fanguy as defendants, alleged to be solidarily liable with the corporation. The petition alleges that the goods were sold to LeBlanc and Fanguy, individually, for the benefit of the corporation. The petition further alleges fraud on the part of LeBlanc and Fanguy, in that they intentionally delivered a worthless check to plaintiff, and that they diverted the funds which were to be paid to plaintiff to pay their personal and business debts. Issue was never joined as to Furniture Warehouse. LeBlanc and Fanguy answered denying any personal liability for the debts of the corporation or any fraudulent behavior.
After trial on the merits, the trial judge found that "no credible evidence was presented to support any claims against Ned L. LeBlanc, Jr. and Dennis P. Fanguy" and dismissed the suit as to them. Plaintiff has appealed.
The only evidence relative to the understanding of the parties is their own testimony. Mr. Mashburn and Mr. Baynham both testified that they thought they were doing business with Mr. LeBlanc and Mr. Fanguy individually, and that they did not know the business was incorporated. Mr. LeBlanc and Mr. Fanguy both stated that they were at all times acting for the corporation, but that neither of them ever informed either Mr. Mashburn or Mr. Baynham of that fact. All invoices and checks in the record are directed to or in the name of Furniture Warehouse, without any corporate designation being shown.
Under the above circumstances, which are undisputed, we find that the trial judge erred as a matter of law. It is settled that an agent has the duty to disclose his capacity as such if he is to escape personal liability for his acts. Moreover, the agent has the burden of proving that he disclosed his representative capacity and the identity of his principal. Articles 3012 and 3013, Civil Code; Prevost v. Gomez, 251 So.2d 470 (La.App. 1st Cir. 1971); Eastin v. Ramey, 257 So.2d 717 (La.App. 3rd Cir. 1972); Chartres Corporation v. Twilbeck, 305 So.2d 730 (La.App. 4th Cir. 1974).
In this case, it is clear that defendants did not make the necessary disclosures. Plaintiff was not aware, and had no reason to be aware, that defendants were acting in any capacity other than individually, and is, therefore, entitled to judgment against defendants.
The judgment appealed from is therefore reversed, and there will be judgment in favor of Pat's Furniture Showrooms, Inc., and against defendants Ned L. LeBlanc and Dennis P. Fanguy, in solido, in the sum of $10,863.58 with legal interest from date of judicial demand until paid, and for all costs of these proceedings.
REVERSED AND RENDERED.