428 So.2d 531 (1983)
Douglas A. RUCKMAN, C.P.A.
v.
Michael MASHBURN, et al.
No. CA-0270.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
*532 Roy V. Ladner, New Orleans, for defendant-appellant.
Kenneth J. Berke, A Professional Law Corporation, New Orleans, for plaintiff-appellee.
Before REDMANN, C.J., and GULOTTA and KLEES, JJ.
GULOTTA, Judge.
In this suit on an open account, Michael Mashburn appeals from a judgment in the sum of $7,448.26 plus interest and attorney's fees rendered against him individually. Although not seriously questioning the amount owed to plaintiff, defendant contends plaintiff's services were rendered to various corporations owned by defendant and the trial court erred in casting him in judgment. Plaintiff has neither appealed nor answered the appeal.
Plaintiff's claim is for professional CPA services provided at Mashburn's request. In an October 2, 1972 letter addressed to Mashburn at one of the corporate addresses, plaintiff stated an hourly rate for accounting services and a different rate for tax services. Plaintiff contends this letter, the nature of the services rendered, and the arrangements between him and Mashburn support a conclusion that the services were provided to Mashburn individually.
The trial judge, in written reasons, stated:
"The testimony established an agreement between the Plaintiff and the individual Defendant, Michael Mashburn. The Court is satisfied that the Plaintiff was to do whatever work was directed by Mashburn. The fact that much of the work performed also benefited the various corporations does not detract from the fact that Plaintiff was working for Mashburn. The Court is satisfied from the testimony and demeanor of the witnesses, that there was never any agreement other than for Mashburn's personal responsibility for payment for the work which he directed. This was confirmed by Plaintiff's letter to Mashburn in October of 1979, as well as by the fact that the corporate work was a necessary incident to Plaintiff's attempt to prepare Mashburn's personal financial statement used for the purpose of Mashburn trying to borrow money individually for the continuance of his businesses.
"The Court, finding the contract to be between the Plaintiff and Mashburn, will render judgment accordingly and will deny the claim against the corporation."
Our consideration of the testimony and the exhibits leads us to conclude that the evidence does not support the trial court's finding that Mashburn is individually liable.
In the October 2 letter from plaintiff to defendant, Ruckman requested corporate bank statements, inventory figures, canceled checks, payroll costs, the corporate lease, cash reports and corporate employee earnings. The letter also referred to Mashburn's 1978 income tax return, the hourly rates for Ruckman's accounting services and tax services, and corporate book entry errors and omissions.
The account statements offered into evidence were addressed to Mike Mashburn and were attached to bills owed in connection with the business operations at five different locations.[1] The analyses of the accounts attached to the separate corporate statements relate to services for each of those different corporate operations. There is no indication that services were rendered to Mashburn individually. On the contrary, it appears that the accounts represented fees owed for accounting services rendered to each corporation.
*533 Furthermore, though plaintiff testified that Mashburn had paid for accounting services during 1978 and 1979 and had not informed him the corporations were responsible for payment of "his bills", Ruckman acknowledged that the claims on this open account pertained to work for the corporations. He indicated, however, that there is "individually some work in there" for Mashburn, but did not differentiate which services were for Mashburn individually and which services were for the corporations. Ruckman claimed the personal and corporate businesses were interrelated and Mashburn was the corporation. He acknowledged, however, that he could not "make a determination of what Mike Mashburn individually is personally responsible for." Moreover, there is no evidence that an agreement had been reached making Mashburn personally liable for payment of these accounts.
The October 2 letter, the invoices, statements and testimony of Ruckman constitute the relevant evidence supportive of plaintiff's claim.
On the other hand, Mashburn stated that each restaurant address represented a different corporation. He also stated that any work he does is for the corporations, that he is paid by corporate check, that his automobile is owned by the corporations and that any expenses including hospitalization are paid by the corporations. Further, he stated the hourly accounting rate was for the corporations. Mashburn testified that he had requested Ruckman to prepare corporate financial statements for purpose of obtaining bank loans and that prior bills from Ruckman had been paid by corporate checks.
Well settled is the rule that one who claims he is acting in a corporate capacity has the duty to disclose that he is contracting as an agent of the corporation and not as an individual. In such cases, the burden of proof is placed on one claiming the agent relationship. Regency Elec., Inc. v. Verges, 360 So.2d 252 (La.App. 4th Cir. 1978); Pat's Furniture v. Furniture Warehouse, Etc., 392 So.2d 145 (La.App. 1st Cir. 1980), application not considered 397 So.2d 803 (La.1981); Prevost v. Gomez, 251 So.2d 470 (La.App. 1st Cir.1971). Further, an agent has the duty to disclose his capacity if he is to escape personal liability for his acts, and bears the burden of proving such disclosure and the identity of the principal. J.R. Doiron, Inc. v. Lundin, 385 So.2d 450 (La. App. 1st Cir.1980); Pat's Furniture v. Furniture Warehouse, Etc., supra; Centanni v. A.K. Roy, Inc., 258 So.2d 219 (La.App. 4th Cir.1972). Express notice of the agent's status and the principal's identity is unnecessary, however, if facts and circumstances surrounding the transaction, combined with general knowledge that persons in that type of business are usually acting agents, demonstrate affirmatively that the third person should be charged with notice of the relationship. J.T. Dorion, Inc., v. Lundin, supra; Prevost v. Gomez, supra; Williams v. O'Bryan, 257 So.2d 174 (La.App. 3rd Cir. 1972).
When we consider the circumstances surrounding the transactions involving plaintiff, defendant and the corporations, we are led to conclude that Mashburn demonstrated that his status as an agent of the corporations was so well established between the parties that express notice to plaintiff was unnecessary, that services were performed for the corporations at defendant's request, and that plaintiff was charged with notice of the knowledge of the agent-principal relationship.
Having so concluded, we reverse and set aside the judgment of the trial court casting Michael Mashburn in judgment individually. Accordingly, judgment is rendered dismissing plaintiff's suit at his cost.
REVERSED AND RENDERED.
NOTES
[1] The bills to which the invoices were attached were addressed as follows:

Mr. Mike Mashburn, Bourbon and St. Peter Corporation$870.50; Mr. Mike Mashburn, Frenchy's Uptown Corporation$1,343.00; Mr. Mike Mashburn, Frenchy's Magazine Corporation (Commissary Department)$562.50; Mr. Mike Mashburn, Frenchy's Magazine Corporation$2,511.63; Mr. Mike Mashburn, Frenchy's Lakefront, Inc.$2,160.63. P.O. Box 50855 was used on all of the above communications. Total$7,448.26, the amount of the judgment.