470 So.2d 279 (1985)
SANDAIR CORPORATION
v.
DAVIS INDUSTRIES.
No. 85-CA-57.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*280 David D. Duggins, New Orleans, for plaintiff-appellee.
Reed & Reed, Floyd J. Reed, New Orleans, for defendant-appellant.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
CHEHARDY, Judge.
In this suit on open account, defendant Davis Industries appeals from judgment against it in the amount of $3,817.82 plus legal interest, 25% attorney's fees awarded pursuant to LSA-R.S. 9:2781, and all costs.
Defendant rented a heavy-duty commercial air compressor from plaintiff, Sandair Corporation, on a month-to-month basis on October 14, 1981. Defendant paid the first month's rental of $520 plus tax, but made no payments thereafter. After some seven months elapsed without further rental payments, Sandair repossessed the compressor and began collection attempts, culminating in the filing of this suit on March 5, 1984.
On appeal, defendant's only contention is that the parish court erred in admitting evidence of the rental contract at trial because the cause of action alleged in the petition is for sums due on an open account. As a result, asserts defendant, not only did the trial court improperly award judgment to plaintiff but also had no authority to award attorney's fees and costs.
Defendant argues, in effect, that a rental contract is not an open account and thus is not subject to the provisions of R.S. 9:2781. Defendant urges that introduction of the rental contract enlarged the scope of the pleadings. Because defendant objected to the evidence at trial and plaintiff failed to amend its pleadings, defendant contends the evidence should have been ruled inadmissible.
R.S. 9:2781 (as amended by Acts 1983, No. 311) states, in pertinent part,
"A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. * * *
"B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished, along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor.
"C. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, `open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting *281 the parties expected future transactions. * * *"
Although formerly construction contracts, contracts encompassing a single transaction and the like were not considered open accounts for purposes of R.S. 9:2781, the 1983 amendment to subsection C eliminated such distinctions. It is clear under the language of subsection C, as amended, that the rental contract made the basis of this suit is within the scope of R.S. 9:2781. Plaintiff produced due proof of the debt owed, without rebuttal by defendant, therefore judgment on the rental contract was properly awarded.
However, in order for attorney's fees to be awarded, the statute requires proof of receipt by the debtor of written demand and the supporting invoices at least 30 days prior to suit. Where the circumstances make delivery of written demand impossible, the creditor must produce evidence of due diligence in attempting delivery.
Here plaintiff failed to present evidence of receipt of written demand or of attempted delivery. (The record contains only a photocopy of a demand letter, with nothing to show either that it was sent or received.) Accordingly, the award of attorney's fees was improper.
For the foregoing reasons, the judgment of the parish court is reversed insofar as it awarded attorney's fees to plaintiff. In all other respects, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.