485 So.2d 593 (1986)
ROBIN SEAFOOD COMPANY, INC.
v.
Early DUGGAR d/b/a Gulf King Seafood.
No. CA 4290.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Charles M. Stevenson, Chalmette, for plaintiff-appellee.
William E. Wright, Jr., David P. Banowetz, Jr., Baldwin & Haspel, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
This is a suit for collection of two invoices for fish sold by plaintiff, Robin Seafood, Inc., to defendant, Early Duggar. His only defense was that the purchases were made by his corporation, Gulf King Seafood, Inc., and not by him personally. From a judgment against Duggar personally he has appealed.
Between November 17, 1981 and January 7, 1982, plaintiff delivered ten truck loads of fish to Duggar in Crawfordville, Florida. When a shipment was delivered plaintiff's driver left an "estimate" invoice which would be corrected after the fish were weighed and graded. On the following trip, the driver picked up a check for the previous shipment. All of these shipments were paid for. On January 22, plaintiff delivered fish on two invoices totaling $8,543.50 which was not paid and is the subject of this suit.
Duggar had incorporated his business in Florida in 1978. Edward Robin, plaintiff's president, testified that from the time he first contacted Duggar on the recommendation of a friend he was never told that Gulf King Seafood was a corporation and at all times he thought he was doing business with Duggar individually. Duggar testified that he could not remember ever telling *594 Robin he was operating as a corporation.
One who claims to be acting in a corporate capacity has the duty to disclose he is acting as agent for a corporation and not as an individual, and the burden is upon the one claiming the agency relationship to prove he disclosed his capacity and the identity of his principal if he is to escape individual liability. However, express notice is not necessary if the facts and circumstances demonstrate that a third person should be charged with knowledge of the relationship. LSA-C.C. Art. 3013; Ruckman v. Mashburn, 428 So.2d 531 (La. App. 4th Cir.1983).
Since defendant presented no evidence of direct disclosure of his corporate status he must depend on circumstantial evidence supporting constructive knowledge by plaintiff of his true status. Duggar testified that a sign near his Florida plant identified his company as a corporation, and he argues that when Chris Robin, Edward's brother and Vice-President of plaintiff made the deliveries for plaintiff he would have or should have seen the sign. However, Chris testified that all the sign said was Gulf King but he did not recall any indication on the sign that this was a corporation; and he didn't know it was a corporation.
The more important evidence produced and relied upon by defendant to prove plaintiff should have known about his true status was the fact that all of the previous deliveries were paid for with eight checks drawn on Gulf King Seafood, Inc. with that name prominently displayed on the checks. The Robins both admitted handling these checks and verifying the amounts but they denied noticing they were issued by a corporation. However, the fact that previous payments were made with corporate checks is not sufficient to prove constructive knowledge by plaintiff of defendant's agency status. American Rent All, Inc. v. Culotta, 328 So.2d 743 (La.App. 4th Cir. 1976).
In his reasons for judgment the trial judge found "that there was no reason for plaintiff to assume or to know that Early Duggar was an agent or president of Gulf King Seafood, Inc. and that they were dealing with and relying solely on Early Duggar." The record supports these findings.
Because of the result we have reached on the main demand it is unnecessary to address defendant's reconventional demand for damages arising out of the seizure of his truck when the suit began with a writ of non-resident attachment of the truck. This reconventional demand could only be viable if Duggar prevailed on the main demand.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.