520 So.2d 461 (1988)
YOU'LL SEE SEAFOODS, INC.
v.
James GRAVOIS d/b/a The Captain's Raft.
No. 87-CA-518.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 1988.
Rehearing Denied March 17, 1988.
Writ Denied Stay Order Denied April 22, 1988.
Joseph J. Piccione, Lafayette, for plaintiff-appellee.
Bradley M. Smolkin, Karen D. McCarthy, Lawrence E. Mack, Lanny R. Zatzkis, P.L.C., New Orleans, for defendant-appellant.
Before KLIEBERT, BOWES and GOTHARD, JJ.
*462 KLIEBERT, Judge.
This action on open account was brought by You'll See Sea Foods, Inc. (You'll See) against James Gravois (Gravois) to collect $24,161.79 for fresh seafood supplied to "The Captain's Raft" restaurant. Gravois' only defense was the restaurant is owned by his corporation, Computer Tax Service of La., Inc., and the purchases were made by corporate employees rather than himself, and therefore plaintiff can only collect from the corporate entity which owned the business. Judgment was rendered against Gravois on the grounds he failed to prove: (1) the restaurant was owned by the corporation, and/or alternatively, he disclosed the existence of the corporation to representatives of You'll See. Gravois appealed. For the reasons which follow, we affirm the judgment of the trial court.
In 1978 James Gravois, together with Daniel Fontenot, Jr., et ux, subleased a parcel of land and purchased the leasehold improvements thereon, which included a restaurant operating under the name "Uncle Ralph's Seafood Shack." Shortly thereafter, Gravois purchased the Fontenots' interest and changed (according to requirements made by the original vendor and Fontenot) the restaurant's name to "The Captain's Raft." On February 29, 1984 You'll See Sea Foods, Inc. filed suit against Gravois d/b/a The Captain's Raft for collection of invoices for fresh seafood totaling $24,161.79. Gravois excepted to the suit on the grounds The Captain's Raft was owned by Computer Tax Service of La., Inc., which was an indispensable party to the proceedings, and therefore no cause of action was stated against Gravois. The exceptions were referred to the merits of the case and implicitly overruled by the judgment of the trial court.
According to Gravois, The Captain's Raft was sold to Computer Tax Service of La., Inc., a corporation owned by him and his wife, in 1978. The Articles of Incorporation reflect Computer Tax Service of La., Inc. was incorporated in 1971 by Ronald Gravois for the purpose of preparing tax returns. James Gravois did not introduce documentary evidence showing his ownership of the corporation or the transfer of ownership of the restaurant to the corporation. He did introduce copies of tax returns from 1978-1983 for "Computer Tax Service of La., Inc. d/b/a Captain's Raft" and a copy of a bankruptcy petition in the same name, filed after the instant suit. Computer Tax Service of La., Inc. was liquidated in Chapter 7 proceedings.
Gravois admitted he did not inform the managers, employees, or suppliers of The Captain's Raft that the restaurant was owned by a corporation. Former managers and assistant managers of the restaurant testified they thought Gravois was the owner. The president of You'll See, William Hayward, Jr., likewise thought Gravois owned the restaurant as he was never informed otherwise and checks for merchandise were signed by Gravois with no indication of a corporate capacity. The checks themselves as well as the menus were printed with the name "The Captain's Raft" with no indication it was a corporate entity.[1]
Under Louisiana law an agent is liable to those with whom he contracts on behalf of his principal when he has bound himself personally by entering into an agreement without disclosing the identity of his principal, and the agent has the burden of proving he disclosed his capacity and the identity of his principal if he wishes to escape personal liability. La.C.C. Arts. 3012, 3013; Frank's Door & Bldg. Supply v. Double H. Construction, 459 So.2d 1273 (1st Cir.1984); Robin Seafood Co., Inc. v. Duggar, 485 So.2d 593 (4th Cir.1986). Express notice of the agent's status and the principal's identity is not required if the facts and circumstances indicate a third party should have known or was put on notice of the principal-agent relationship. Frank's Door & Bldg. Supply v. Double H. Construction, supra; Robin Seafood Co., Inc. v. Duggar, supra.
*463 Pretermitting the question of whether Gravois established corporate ownership of the restaurant, after review of the record before us we discern no clear error in the trial court's factual finding that You'll See was unaware an agency relationship existed between Gravois and the corporation. Although Gravois contends he was under no obligation to disclose his corporate capacity because he neither placed the orders not accepted deliveries from You'll See, he does not deny that he spoke on occasion with the president/representative of You'll See and signed all checks issued against the You'll See account without indicating he was acting in a corporate capacity. As Gravois failed to disclose the alleged agency relationship he is individually liable for all debts incurred. Robin Seafood Co., Inc. v. Duggar, supra.
Accordingly, we affirm the judgment of the trial court. All costs of the appeal are to be borne by the appellant.
AFFIRMED.
NOTES
[1] The checking account was registered with American Bank under the name "Captain's Raft, Inc." but the checks did not reflect the corporate existence.