534 So.2d 539 (1988)
G.T.M. CARPET COMPANY
v.
Jodi RICHARDS d/b/a Jodi Richards Sales Company.
No. 88-CA-239.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
*540 Anthony C. D'Antonio, Metairie, for plaintiff-appellee G.T.M. Carpet Co.
Paul D. Connick, Jr., Metairie, for defendant-appellant Jodi Richards d/b/a Jodi Richards Sales Co.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
KLIEBERT, Judge.
Jodi Richards, defendant-appellant, appeals from a judgment casting her in judgment for $2,377.57, plus interest, costs, and attorney fees of 25%. Richards contends she purchased carpet from G.T.M. Carpet Company, plaintiff-appellee, in her capacity as president of Dakin Office Furniture & Interiors, Inc. The trial judge concluded Richards failed to disclose to representatives of G.T.M. Carpet Company that she was not purchasing carpet for herself personally. We amend the judgment and, as amended affirm.
Richards was the incorporator, president, and co-owner of Dakin Office Furniture & Interiors, Inc.[1] On two occasions in 1982 Richards purchased carpeting for personal use from G.T.M. Carpet of Slidell through its president/owner, Robert E. Piper. In one instance, Piper was paid with checks drawn on Dakin Furniture & Warehousing, Inc.'s. account. In the other instance the check was drawn on the Dakin Furniture account with a counter check which did not reflect the Dakin name.
In 1984, at Richards' request, Piper installed carpet in the home of Dr. Thomas Irwin. Dr. Irwin paid Dakin Office Furniture & Interiors, Inc. by check, which was deposited in the corporate account. At the time the account had a balance of over $14,000.00. In 1987 the corporation was liquidated without paying for the carpet which had been installed.
The issue here is not whether the corporate veil was improperly pierced but, rather, whether G.T.M. Carpets or Richards should bear the loss in light of Richards' failure to disclose she was acting for Dakin and G.T.M. Carpets' extension of credit to a non-existent business; i.e., Jodi Richards Sales Company.
An agent is held to have bound himself personally to those with whom he contracts on behalf of his principal when he enters into an agreement without disclosing the identity of his principal. You'll See Seafoods, Inc. v. Gravois, 520 So.2d 461 (5th Cir.1988); Robin Seafood Co., Inc. v. Duggar, 485 So.2d 593 (4th Cir.1986). The agent has the burden of proving he disclosed the agency status and the identity of his principal if he wishes to avoid personal *541 liability.[2]You'll See Seafoods, Inc. v. Gravois, supra; Frank's Door & Bldg. Supply, Inc. v. Double H. Construction Co., Inc., 459 So.2d 1273 (1st Cir.1984). However, express notice of the agent's status and the principal's identity is unnecessary if the circumstances surrounding the transaction demonstrate that the third person should be charged with notice of the relationship. You'll See Seafoods, Inc. v. Gravois, supra; Robin Seafood Co., Inc. v. Duggar, supra; Frank's Door & Bldg. Supply, Inc. v. Double H. Construction, supra.
Here, Richards did not claim Piper had express notice that she was acting as an agent of Dakin when she ordered the carpet for Dr. Irwin's home. Rather, she introduced documentary and testimentary evidence in an attempt to show Piper should have known such was the case.
Richards testified the corporation maintained an office in the same building as her husband's law practice and in a connected suite. A sign on one entrance from the suite advertised "Dakin Office Furniture." A phone listing for "Dakin Office Furniture & Interiors, Inc." was included in the phone directory and, according to Richards, calls on that line were answered "Dakin Office Furniture." Richards admitted she never sent documents to Piper on Dakin Office Furniture & Interiors' letterhead.
Richards did not remember exactly what she told Piper when she first purchased carpet from him in 1982, but was sure she inquired about a discount through the corporation. The invoice for the carpet was billed to "Mr. E.B. Richards Maison Investments." Richards paid for the carpet with a check drawn on the corporate account, and the face of the check was imprinted "Dakin Office Furniture & Warehousing, Inc."[3] The invoice for the second transaction was billed to "Richards Decorating Center" and was again paid by Richards with a corporate check; however, the check did not have the name of the accountholder on its face. It did have the same account number as the first check. The invoice for the third and final transaction was billed to "Jodi Richards Sales Co." Richards testified Piper made up the business names on the invoices and she never told him the correct name because it didn't seem important at the time. She supports her contention she was acting for Dakin's by showing she billed Dr. Erwin on a Dakin invoice and deposited his payment in Dakin's bank account.
Piper testified he knew Richards was in the decorating business and had visited in her husband's suite but he never saw a "Dakin Office Furniture" sign. He did not know whether Richards maintained an office in the building. When he called, the secretary who answered never said "Dakin." Piper thought he was doing business with Richards. Piper admitted no credit applications were completed and that he concocted the names on the invoices in order to get wholesale prices on the jobs. He testified that if Richards had told him the correct name and asked him to change the invoices he would have done so.
The most important evidence relied on by Richards to prove Piper should have known her true status was the fact that previous transactions were paid for with checks drawn on Dakin Office Furniture & Warehousing, Inc. However, this was not sufficient to prove constructive knowledge by Piper of Richards' agency status. Robin Seafood Co. v. Duggar, supra; American Rent All, Inc. v. Culotta, 328 So.2d 743 (4th Cir.1976); Frank's Door & Building Supply, Inc. v. Double H. Construction Co., Inc., supra. Upon review of the record compiled in this case, we cannot say the trial court erred when concluding that Richards failed to give express notice of the agency relationship and that the circumstances were not such as to warrant charging Piper with constructive notice. Thus, we affirm the judgment insofar as it *542 casts Richards in judgment for the principal amount plus interest and costs. However, we amend the judgment to delete the attorney fee award of 25%.
The award of attorney fees was based on LSA-R.S. 9:2781 A, which provides:
"A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor."
Because the award of attorney fees is exceptional and penal in nature, the statute is strictly construed. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984). The provisions of the statute must be strictly complied with for a claimant to be entitled to an award. ABC School Uniforms, Inc. v. LeHig's Uniform Center, 446 So.2d 780 (4th Cir.1984); Riverland Food Corp. v. Carriage Meat Co., Inc., 449 So.2d 1131 (5th Cir.1984). Absent evidence to prove compliance with requirement of written demand for payment, an award of attorney fees is improper. Sandair Corp. v. Davis Industries, 470 So.2d 279 (5th Cir.1985).
In the present case the record is devoid of any evidence that written demand for payment was made upon Richards setting forth correctly the amount owed. Appellee contends in brief that demand letters were sent but were not introduced at trial because of appellant counsel's stipulation that "numerous attempts were made to collect this money." While counsel did stipulate that attempts to collect the money were made, he did not stipulate the manner in which the attempts were made. In brief appellant's counsel contends "GTM did not send the demand letter mandated by R.S. 9:2781." Appellee contends he did. As it was appellee's burden to prove he complied with the statute, and he failed to offer proof either by means of documentary or testimonial evidence or a stipulation evincing compliance, we must amend the judgment to strike the attorney fees award. Sandair Corp. v. Davis Industries, supra.
Accordingly, we amend the trial court judgment to strike the award for attorney fees, and as amended, affirm.
Each party is to bear his own costs.
AMENDED (TO REMOVE ATTORNEY FEES) AND, AS AMENDED, AFFIRMED.
GRISBAUM, J., concurs and dissents.
GRISBAUM, Judge, concurring and dissenting.
I concur with the majority's reversal of the trial court's award of attorney's fees.
However, the facts of this case cause me to conclude that as a matter of law, G.T.M. had constructive notice that it had contracted with a corporation. As noted by the majority, express disclosure of an agent's status and the identity of his principal is not necessary if the facts and circumstances demonstrate that a third person should be charged with knowledge of the relationship. Robin Seafood Co., Inc. v. Duggar, supra, at 594, citing Ruckman v. Mashburn, 428 So.2d 531 (La.App. 4th Cir.1983). The invoice for the third and final transaction was billed to "Jodi Richards Sales Co." In negotiating that transaction, Mrs. Richards specifically requested a corporate discount. Piper admitted he knew appellant was in the decorating business, and he gave her a corporate discount, although the corporate name on the invoice was incorrect. In Frank's Door & Bldg. Supply, Inc. v. Double H Constr. Co., Inc., supra, at 1276, the court stated that certain documents and defendant's self-serving testimony were the only items of evidence *543 showing defendant had disclosed his agency status to plaintiff. In the present case, Piper's admission that he knew Jodi Richards was in the decorating business and his subsequent grant of her request for a corporate discount provide an element of proof not found in Frank's Door.
In American Rent All, Inc. v. Culotta, 328 So.2d 743, 744 (La.App. 4th Cir.1976), the court stated, "Significantly, the bills and invoices, ... were not made out in the corporate name but in the name of `Tide Rock Village Apartments'. [sic] The designation `Inc.' or `Corp.' does not appear on any documents in the record." The invoice for the transaction in question was made out to "Jodi Richards Sales Co." This, too, indicates plaintiff was aware that he contracted with a corporate entity, and it distinguishes the case at hand from American Rent All, supra.
Lastly, in Robin Seafood Co., supra, at 595, the court stated:
The more important evidence produced and relied upon by defendant to prove plaintiff should have known about his true status was the fact that all of the previous deliveries were paid for with eight checks drawn on Gulf King Seafood, Inc. with that name prominently displayed on the checks. The Robins both admitted handling these checks and verifying the amounts but they denied noticing they were issued by a corporation. However, the fact that previous payments were made with corporate checks is not sufficient to prove constructive knowledge by plaintiff of defendant's agency status. American Rent All, Inc. v. Culotta, 328 So.2d 743 (La. App. 4th Cir.1976).
As mentioned in the majority opinion, the evidence shows the checks involved were funneled through the corporate account. This is not the most important evidence relied upon by defendants to prove plaintiff had constructive notice of the agency relationship. Plaintiff's own admission of his awareness that Mrs. Richards was in the decorating business, as well as his admission that Mrs. Richards requested and received a corporate discount from him, distinguishes the case at hand from those relied upon by the majority in its finding that the facts of the case do not support a finding of constructive notice. Accordingly, I dissent.
NOTES
[1] Originally incorporated in 1981 under the name Dakin Furniture and Warehousing, Inc. The name was changed in 1982.
[2] Thus, the trial court did not, as contended by appellant, err in requiring her to prove the existence of an agency relationship.
[3] Although the corporate name had by that time been changed, Richards was still using checks bearing the original corporate name.