571 So.2d 902 (1990)
BLACK EQUIPMENT AND SUPPLY, INC.
v.
KOEHL AND ASSOCIATES, INC.
No. 90-CA-429.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
Rehearing Denied January 17, 1991.
*903 Richard G. Steiner, Gretna, for plaintiff/ appellant.
Arthur D. Dupre, Jr., Leefe, Donelon, Donelon and Koehler, Metairie, for defendant/appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This appeal arises from a suit on account filed by Black Equipment and Supply, Inc. (Black) against Koehl and Associates, Inc. (Koehl) in which Black seeks to recover $4,665.60 in overdue rental fees on a Joy 5000 pound air tugger allegedly leased by Black to Koehl. A one page document contained in the record and relied on by Black combines an invoice or delivery ticket with a lease agreement. The document indicates the air tugger was ordered by Robert Trahan and delivered to 986 W. Airline Highway, c/o C.G. Koehl. The top part of the form is signed by Rose Clark. The lease agreement is unsigned. The document further indicates the monthly rental fee of $432.00 plus $34.56 tax was paid in cash, apparently on delivery.
Black also introduced two checks, one dated December 15, 1985 for $466.56 and one dated February 4, 1986 for $466.59. The checks were drawn on Koehl and Associates, Inc.'s trust account. No other monthly rental payments were made on the equipment.
At the conclusion of the presentation of plaintiff's case, defendant Koehl moved for and was granted a dismissal of plaintiff's suit with prejudice. Plaintiff appeals that adverse decision. We reverse for reasons to follow.
Black first asserts that Robert Trahan, acting as an agent of Koehl, leased the equipment thereby binding Koehl as principal. It is undisputed that Robert Trahan was not an employee of Koehl. Rather, Mr. Trahan was employed by Oftech, Inc., a corporation owned by Vilma and Michael Lecler. Oftech contracted with the Mexican government to secure exclusive rights for the salvage of the Golden Gate, a ship which sank off the Mexican coast. Koehl and Associates, Inc., a business management corporation, was hired to handle the accounting and correspondence for Oftech. As part of that agreement Koehl rented the air tugger for Oftech. The air tugger, which was shipped to Mexico to be used in the salvage operations, was subsequently seized by the Mexican government.
Koehl acknowledges that it acted as agent for Oftech for the purpose of accumulating and assembling equipment, but denies that Robert Trahan acted as agent for Koehl.
*904 Robert Koehl of Koehl and Associates testified that he is the son of C.G. Koehl. The junior Mr. Koehl explained that he used his father's place of business as a storage place for the equipment his firm was accumulating for Oftech. Rose Clark, whose signature appears on the delivery ticket is C.G. Koehl's employee and is not connected with either Koehl and Associates or Oftech.
R.A. Bussell, chief executive officer of Black Equipment and Supply, testified that since the equipment was being delivered to C.G. Koehl's address he assumed Koehl and Associates "had something to do with C.G. Koehl." Mr. Bussell explained that he had conducted business with C.G. Koehl previously and knew that Mr. Koehl was in the sandblasting and painting business. Mr. Bussell testified that he had trouble collecting from C.G. Koehl in the past so the air tugger was delivered C.O.D. On cross-examination Mr. Bussell admitted that, even though he was unfamiliar with Koehl and Associates, he did not question C.G. Koehl or the Black employee who took the original order as to whom the air tugger was actually rented. Mr. Bussell also admitted that he had no knowledge of any attempt by Black to verify Robert Trahan's authority to act on behalf of Koehl.
There is no expressed appointment by which Robert Trahan acted as mandatory for Koehl. LSA-C.C. art 2895. However, under Louisiana law an implied appointment of mandatory can arise from apparent authority when necessary to protect innocent third parties. Roberson Ad. Service v. Winnfield Life Ins., 453 So.2d 662 (La.App. 5th Cir.1984); Anderson Window & Patio Co. v. Dumas, 560 So.2d 971 (La.App. 4th Cir.1990). Apparent authority occurs when the principal has acted in such a way as to give an innocent third party the reasonable belief that the agent has the authority to act on the principal's behalf. Davidson v. Board of Trustees, State Employees Group Benefits Program, 481 So.2d 708 (La.App. 1st Cir.1985); Anderson, supra. An agency relationship may be created even though there is no intention to do so. Whether such an implied agency relationship is established depends on the words and conduct of the parties and the circumstances of the case. Anderson, supra.
Plaintiff offered no evidence to show that Mr. Trahan held himself out as either an employee or an agent of Koehl. There was no evidence, other than his name on an order form, to indicate how Mr. Trahan conducted himself. The person who took the original order for Black did not testify and Mr. Bussell stated that he didn't even notice Mr. Trahan's name on the form until the rental was not paid and the equipment was not returned. Black's only testimonial proof in this regard consists of their "assumptions." Consequently, we believe the trial court did not abuse its discretion in finding that no implied agency-principal relationship existed between Trahan and Koehl; however, that finding is not dispositive of the matter.
Black alternatively asserts that Koehl is liable on the lease as an agent for an undisclosed principal. Black argues that Koehl, acting as Oftech's agent, accepted the equipment leased by Robert Trahan giving no indication to Black that Oftech was the principal on the lease. Koehl discards this theory simply by arguing that no lease was perfected. We believe the issue of whether the agreement entered into upon delivery is a lease is a separate issue from whether Koehl disclosed its agency relationship with Oftech to Black when the obligation, whatever its nature, was perfected.
Our jurisprudence imposes personal liability on an agent to those with whom he contracts on behalf of his principal when there is no disclosure of the principal's identity. In order to escape this personal liability an agent bears the burden of proving the disclosure of his capacity of agent and the identity of the principal. Robin Seafood Co. Inc. v. Duggar, 485 So.2d 593 (La.App. 4th Cir.1986); You'll See Seafoods, Inc. v. Gravois, 520 So.2d 461 (La.App. 5th Cir.1988), writ denied 523 So.2d 218 (La.1988). It is unnecessary that express notice of the agency relationship and the identity of the principal be given a *905 third party if the circumstances surrounding the transaction show that the third party should be charged with the knowledge. You'll See Seafoods, Inc., supra; G.T.M. Carpet Co. v. Richards, 534 So.2d 539 (La.App. 5th Cir.1988).
Mr. Bussell testified that he was unfamiliar with Oftech and only became aware of its existence upon investigating the matter when Koehl and Associates stopped paying the monthly rental. According to Mr. Bussell's testimony he met with Robert Koehl at Mr. Koehl's office in an attempt to collect the overdue rent. It was at that point that Mr. Koehl disclosed that the equipment was secured on behalf of Michael Lecler and Oftech. Mr. Koehl also told Mr. Bussell at that meeting that the air tugger was in Mexico. Mr. Bussell stated that he was unaware that anyone other than Koehl had rented the equipment and pointed out that no sales tax would have been collected on equipment used out of the country since Louisiana law does not require such a payment. Mr. Bussell asserted that the tax was collected because Black believed the equipment was rented to Koehl and Associates for their use in the state.
The only indication in the documentary evidence presented at trial that Oftech was involved in the transaction was Robert Trahan's name on the order form. Testimony at trial revealed that Mr. Trahan was an employee of Oftech. However, the document does not indicate that fact and Mr. Bussell testified that he was unaware of it.
Although the record establishes that Koehl and Associates acted as agent for Oftech, there is no evidence that Koehl's status or Oftech's identity was disclosed to Black. Because Black has made the required prima facie showing that the principal was undisclosed, the burden is on Koehl to prove the disclosure was made to avoid personal liability on the obligation. Consequently, dismissal of the action pursuant to LSA-C.C.P. art. 1672 B is inappropriate.[1]
For these reasons we reverse the trial court's judgment dismissing the plaintiff's case and remand the matter for proceedings not inconsistent with this judgment. All costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.
NOTES
[1] In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.