598 So.2d 1189 (1992)
CENTURY POOLS, INC.
v.
Jack PINKSTAFF.
No. 91-CA-910.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1992.
*1190 James A. Lightfoot, III, New Orleans, for plaintiff/appellant, Century Pools, Inc.
Carol Welch, LaPlace, for defendant/appellee, Jack Pinkstaff.
BOWES, GOTHARD and CANNELLA, JJ.
BOWES, Judge.
Plaintiff/defendant-in-reconvention, Century Pools, Inc., and third party defendant, Ernie Carl, appeal from judgment against them and in favor of defendant/plaintiff-in-reconvention, Jack Pinkstaff. We affirm.

FACTS
On March 31, 1981, Century Pools, Inc. through its owner, Ernie Carl, entered into a contract with Jack Pinkstaff to construct a swimming pool. The hand written contract appears as follows:

The pool was constructed at a total cost of $17,689.00. Jack Pinkstaff made payments to Century Pool, Inc. totalling $9,600.00 during the construction of the pool. However, he did not pay the balance.
In January of 1988, Ernie Carl discovered that a balance of $8,089.00 was due on the Pinkstaff account, and he demanded final payment. Pinkstaff did not comply and Century Pools, Inc. filed suit on open account in February, 1989.
Jack Pinkstaff reconvened alleging that Century Pools, Inc. failed to construct the swimming pool in a professional manner. More specifically, defendant alleged that the pool tiles were cracked, that the brick work was improperly installed, that the decking was improperly installed, that the plaster was rough and cracked and that certain valves had never been delivered. Pinkstaff also filed a third party demand against Ernie Carl, individually.
*1191 After trial on the merits, the trial court rendered judgment in favor of defendant/plaintiff-in-reconvention, Pinkstaff, and against plaintiffs/defendants-in-reconvention, Ernie Carl, Individually and d/b/a Century Pools, Inc. in the amount of $5,336.46 with legal interest. The record indicates that the trial court made the following calculations in arriving at his decision:

Cost of pool $17,689.00
Payments made by Pinkstaff -9,600.00
 __________
Balance due $ 8,089.00
Damages to pool ($12,204.96 + 10%) $13,425.46
Balance owed on pool -8,089.00
 __________
Balance owed to Jack Pinkstaff $ 5,336.46

Plaintiff, Century Pools, Inc. and third party defendant, Ernie Carl, appealed, alleging that the trial court erred in granting judgment in favor of defendant and that the trial court erred in granting judgment against Ernie Carl, individually.

DAMAGES
Implicit in every building contract is the requirement that the work of the contractor is to be performed in a good, workmanlike manner, free from defects in either materials or workmanship. LSA-C.C. art. 2769;[1]Guy Williams Realty v. Shamrock Const., 564 So.2d 689 (La.App. 5 Cir.1990), writ denied 569 So.2d 982 (La.1990); Davidge v. H & H Const. Co., 432 So.2d 393 (La.App. 1 Cir.1983).
An owner seeking recovery for breach of a building contract must prove: (1) the existence and nature of the defects; (2) that the defects were due to faulty materials or workmanship; and (3) the cost of repairing the defects. Guy Williams Realty, supra.
In reviewing the findings of the trial court, we must adhere to the "manifestly erroneous" or "clearly wrong" standards as set forth by the Louisiana Supreme Court in Martin v. East Jefferson General Hospital, 582 So.2d 1272, 1277 (La.1991):
... `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We have instructed the appellate courts that where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d [840] at 844 [(La.1989)]; Housley [v. Cerise, 579 So.2d 973 (La.1991) ].
In the present case, Pinkstaff's expert witness, Joseph Calderera testified that the cracks in the pool decking were caused by improper placement of joints and defects in the wire mesh placement. He also testified that the tiles used were improper and were chipped, the brick joints were not uniform, and the distribution of aggregate (cement) was not consistent. Mr. Calderera concluded that the pool construction was "deficient" or substandard.
Mr. Calderera testified that in March of 1988 he gave Mr. Pinkstaff an estimate for the cost of repairs of $12,204.96. At that time, the lot next to Mr. Pinkstaff's lot was vacant. However, at the time of trial in April of 1990, Mr. Calderera further testified that a house had been built on the lot next door. Accordingly, the cost of repairs now would be substantially greater due to problems with mobilization on the job site because of the inability to use the previously vacant lot. In addition, now, the price of the Texas aggregate concrete used to finish the deck has substantially increased.[2]
*1192 Daniel Joseph Becnel,[3] Century's expert, testified that the cracks in the pool deck were the result of normal wear and tear, that the cracks in the tile were caused by freezes and that the brick work was only calcium stained.
Faced with this conflicting testimony, the trial court apparently accepted the testimony of Mr. Calderera in finding that the pool construction was defective. We see no manifest error in this ruling in favor of plaintiff in reconvention for $5,336.46 because he chose to believe Calderera, plaintiff's expert, over Becnel. However, from the photos of the pool it certainly does not appear that the pool and deck are unsightly or very much deteriorated. But because of the manifest error rule we feel compelled to affirm the trial judge as we are unable to say that his judgment is manifestly erroneous or clearly wrong.

PERSONAL LIABILITY OF ERNIE CARL
In Pesson v. Kleckley, 526 So.2d 1220, 1224 (La.App. 3 Cir.1988), the court set forth the burden of proof carried by a corporate agent who seeks to avoid personal liability:
Generally, one who claims to be acting in a corporate capacity has a duty to disclose that he is acting as an agent for the corporation and not as an individual. The burden is upon the one claiming the agency relationship to prove he disclosed his capacity and the identity of his principal if he is to escape liability. La.C.C. arts. 3012, 3013; Robin Seafood Company, Inc. v. Duggar, 485 So.2d 593 (La. App. 4th Cir.1986); Andrus v. Bourque, 442 So.2d 1383 (La.App. 3rd Cir.1983); Martin Home Center, Inc. v. Stafford, 434 So.2d 673 (La.App. 3rd Cir.1983); Eastin v. Ramey, 257 So.2d 717 (La.App. 3rd Cir.1972).
In this case, the "contract" (such as it isvery poorly crafted) to build the pool, is signed "Ernie Carl" and contains no reference to Century Pools, Inc. There is nothing in the record to show that, at the time the contract was signed, Jack Pinkstaff was made aware that Carl was acting as a representative of Century Pools and not in his individual capacity. Given these circumstances, we see no error in the trial court's finding that Ernie Carl was individually liable for damages resulting from the defective construction of the pool and deck.

PRESCRIPTION
Suit was filed in this matter on February 6, 1989. Prior to the filing of the answer and reconventional demand, Pinkstaff filed a peremptory exception of prescription. This exception was never ruled on by the district court prior to trial on the merits, nor at that time either for that matter.
Where a party who has filed exceptions in the district court does not insist upon a trial and a ruling on his exceptions, they are deemed waived, and need not be considered by the court on appeal. Perry v. Perkins, 468 So.2d 815 (La.App. 1 Cir. 1985), writ denied 475 So.2d 355 (La.1985).
There is no evidence in the record to show that appellee reurged this exception or that he objected to proceeding with the trial without a ruling on the exception. Accordingly, appellee waived his exception of prescription.
In brief on appeal, appellee urges this Court to rule on the exception of prescription. However, appellee did not file his own motion for appeal from the district court judgment, nor did he file an answer to the appeal with this Court. Under these circumstances, we cannot act on appellee's request, urged for the first time to this Court in brief only. LSA-C.C.P. art. 2133; Arrow Fence Co., Inc. v. DeFrancesch, 466 So.2d 631 (La.App. 5 Cir.1985), writ denied, 468 So.2d 575 (La.1985).
For the above reasons, the judgment of the trial court awarding $5,336.46 to defendant/plaintiff-in-reconvention, Jack Pinkstaff, *1193 is affirmed. All costs of this appeal are assessed against appellants.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2769 provides:

If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.
[2] In an attachment to his judgment, the trial court indicated that his assessment of the cost to replace the deck was the 1989 estimate of $12,204.96, plus 10%, apparently to compensate for the fact that replacement cost at the time of trial had substantially increased.
[3] Daniel Joseph Becnel of Becnel Pool Contractors, Inc. was appellant's expert in swimming pool construction, as distinguished from the well known attorney, Daniel E. Becnel.